GAUTHIER *v.* MORRISON.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 157.   Argued December 19, 1913.—Decided February 24, 1914.

Where one specially asserts in the state court a right predicated on the statutes of the United States to enter upon, and remain in possession of, public land, and that right is denied, this court has jurisdiction to review the judgment of the State Court under § 237 Judicial Code.

The surveyor is not invested with authority to determine the character of land surveyed or left unsurveyed or to classify it as within or without the operation of particular laws.

Under the Homestead Law of the United States unsurveyed public lands, if agricultural and unappropriated, are open to settlement by qualified entrymen, and this applies to land of that description left unsurveyed by a surveyor by erroneously marking it on the plat as included within the meander lines of a lake.

One who forces a qualified entryman who has acquired, in compliance with the Homestead Law, an inceptive homestead right on public land open to entry although erroneously shown on the plat as a lake, wrongfully invades the possessory right of the homesteader.

While the Land Department controls the surveying of the public lands and the courts have no power to revise a survey, the courts can determine whether the land was left unsurveyed and whether a right of possession exists under an inceptive claim.

Courts should not interfere with the Land Department in administrative affairs and before patent has issued, but it is not an interference

to restrain trespassers upon possessory rights or to restore possession to lawful claimants wrongfully dispossessed.

As Congress has not prescribed the forum or mode in which such wrongs may be restrained or redressed, the state courts have jurisdiction thereover and should proceed to appropriately dispose of such questions and protect those claiming possession under the Federal statute. *Second Employers' Liability Cases,* 223 U. S. 1.

62 Washington, 572, reversed.

THE facts, which involve the jurisdiction of the state court over questions relating to the public lands and the jurisdiction of this court to review the judgment, are stated in the opinion.

*Mr. Fred B. Morrill,* with whom *Mr. W. C. Jones, Mr. L. F. Chester* and *Mr. John J. Skuse* were on the brief, for plaintiff in error.

*Mr. Reese H. Voorhees* for defendant in error:

There is no jurisdiction in the state courts of the subject-matter of this action.

As this is a possessory action plaintiff in error must show affirmatively a right to the lands in himself. He cannot lean on the alleged fact that the defendants in error have no right or are trespassers. *George* v. *Columbia Ry. Co.,* 38 Washington, 483; *Helm* v. *Johnson,* 40 Washington, 422; *Humphrey* v. *Stevenson,* 33 Washington, 570; *Seymour* v. *Dufour,* 53 Washington, 650.

Plaintiff in error bases this right, which he is compelled to show, on the alleged fact that he is a settler upon land of the character which can be acquired under the homestead laws, putting the character of the land squarely in issue. He contends that the land is vacant, unsurveyed public land, subject to settlement and residence under the homestead laws.

Of this question of the character of the land the court below had no jurisdiction. The complaint recites that patent has not issued and title is in the United States.

The exclusive control of public lands is in the Interior Department and remains exclusively there until patent has issued therefor and the title has passed from the Government. There is no jurisdiction in the courts either to control the public land or the action of the Government in connection therewith, until patent shall have issued and the land shall have ceased to be public land.

The question is not what is the effect of the survey and classification made by the United States, but is—has the court below now any jurisdiction to consider that or any other question involving the disposition by the United States of these lands, or involving the determination of the right or wrong of the action of the Interior Department in administering them? See, as to duties of surveyors, §§ 453, 2218, 2219, 2395, par. 7, Rev. Stat.; act of March 3, 1909 (Supp. to Fed. Stats. Ann. 563).

This is not a question for the courts. *Cragin* v. *Powell,* 128. U. S. 691; *United States* v. *Schurz,* 102 U. S. 378; *Stoneroad* v. *Stoneroad,* 158 U. S. 240; *Russell* v. *Maxwell Land Grant Co.,* 158 U. S. 253; *Knight* v. *United Land Ass'n,* 142 U. S. 161; *Kirwan* v. *Murphy,* 189 U. S. 35; *Humbird* v. *Avery,* 195 U. S. 480; *Brown* v. *Hitchcock,* 173 U. S. 473.

This general principle, of exclusive jurisdiction in the Interior Department, was applied to the specific case of the designation of the character of the land, in *Michigan Land Co.* v. *Rust,* 168 U. S. 589.

Courts may not anticipate the action of the Land Department or take upon themselves the administration of the land grants of the United States. *Oregon* v. *Hitchcock,* 202 U. S. 60; *Columbia Canal Co.* v. *Benham,* 47 Washington, 249.

The classification of the public lands for the purposes of disposition under the various acts of Congress is a part of the duty imposed by law upon the Secretary of the Interior, and, even after patent has issued, his determina-

tion cannot be reversed by a mere intruder without title. *Ehrhardt* v. *Hogaboom,* 115 U. S. 67; *Knight* v. *U. S. Land Ass'n,* 142 U. S. 161.

As the substantial relief is against the United States, which is not a party, the bill should be dismissed. *Case* v. *Terrell,* 11 Wall. 199.

The cases relied on by plaintiff in error do not apply to this case. *Niles* v. *Cedar Point Club,* 175 U. S. 300; *French-Glenn Live Stock Co.* v. *Springer,* 185 U. S. 47; *Security Land Co.* v. *Burns,* 193 U. S. 168, were to recover possession of lands which were held by the defendants and lay below the meander lines that bordered plaintiff's patented lands. And so also were cases involving riparian rights. *Packer* v. *Bird,* 137 U. S. 661; *Hardin* v. *Jordan,* 140 U. S. 371; *Shivley* v. *Bowlby,* 152 U. S. 1; *Kneeland* v. *Korter,* 40 Washington, 359.

The meander line is but a convenience run to determine the acreage for which payment is to be exacted. *St. P. & P. R. R. Co.* v. *Schurmeier,* 7 Wall. 272; *Griffith* v. *Holman,* 23 Washington, 347; *Washougal &c. Co.* v. *Dalles &c. Co.,* 27 Washington, 487, can be distinguished, as in those cases the jurisdiction rested on the allegations of patented lands and no question with regard to the jurisdiction was raised.

Plaintiff in error was a mere squatter upon the possession of defendants in error. *Zimmerman* v. *McCurdy,* 106 N. W. Rep. 125; *Wood* v. *Murray,* 52 N. W. Rep. 356; *Matthews* v. *O'Brien,* 88 N. W. Rep. 12, distinguished. His possession was not justified under § 942, Remington & Ballinger Code. *Colwell* v. *Smith,* 1 Washington, 92; *Ward* v. *Moore,* 1 Washington, 104, and *La Chapelle* v. *Bubb,* 69 Fed. Rep. 481, do not apply.

The plaintiffs had complied with the homestead laws on land classified as open to settlement. *Hebeisen* v. *Hatchell,* 69 Pac. Rep. 88, holds squarely against plaintiff in error, as does *United States* v. *Waddell,* 112 U. S. 76.

If jurisdiction is taken by the courts it cannot be made

effective. *Pugh's Case*, 14 L. D. 274. The action of the Secretary could render utterly nugatory the judgment of the courts if they took jurisdiction of this action.

Plaintiff in error cannot be heard to complain of hardship in being refused a standing in the courts. There is a proper forum: the Department of the Interior, where appropriate relief can be given him. He has but to secure from the exclusive jurisdiction of that department a reversal of its classification, now standing for thirty-six years, in order to initiate the rightful possession which he now lacks.


MR. JUSTICE VAN DEVANTER delivered the opinion of the court.


This case originated in the Superior Court of Spokane County, Washington, and involves the present right of possession of a tract of unsurveyed public land, containing about 75 acres, in that county.

Considerably abridged, the facts stated in the complaint are these: In 1877, when the public lands in that vicinity were surveyed, an area embracing approximately 1,200 acres was by the wrongful act or error of the surveyor omitted from the survey and meandered as a lake, when in truth it was not such but was agricultural land susceptible of cultivation. That area still remains unsurveyed and includes the tract in question. On October 30, 1909, this tract was unappropriated public land, open to settlement under the homestead law of the United States. On that day the plaintiff, being in every way qualified so to do, made actual settlement upon the tract with the purpose of acquiring the title under that law by a full and *bona fide* compliance with its requirements, and, in furtherance of that purpose, erected upon the tract a habitable frame dwelling, furnished the same with all necessary household goods, entered into possession of the tract, and established

his actual residence thereon. Shortly thereafter, during the continuance of his possession and residence, the defendants, with the wrongful purpose of preventing him from complying with the requirements of the homestead law and of subjecting the tract to their own use, unlawfully compelled him to withdraw therefrom and remain away; and when the action was commenced, a few months later, they were wrongfully withholding the tract from him, and were themselves mere trespassers thereon. It also was alleged: "That in order to comply with the requirements of the homestead laws of the United States, and to acquire title to the lands settled upon by this plaintiff, as aforesaid, under said laws, it becomes and is necessary for this plaintiff to reside upon and cultivate such lands, and to have possession thereof for a period of five years, and unless this plaintiff can reside upon, cultivate and have possession of said lands for and during such period of time from and after his said settlement, this plaintiff cannot comply with the requirements of the homestead laws of the United States and sustain and maintain his rights to said lands and acquire title thereto from the Government of the United States under the homestead laws of the United States." The prayer was for a judgment establishing the plaintiff's right to the possession, declaring the defendants were without any right thereto, and awarding costs.

The defendants demurred upon the grounds that the complaint did not state facts sufficient to constitute a cause of action and that the court was without jurisdiction of the subject-matter. The demurrer was sustained, and, the plaintiff electing to stand upon his complaint, a judgment of dismissal was entered. An appeal resulted in an affirmance by the Supreme Court of the State, which held, first, that the land was not subject to settlement under the homestead law, because the surveyer had designated and meandered it as a lake, and, second, that

only the Land Department could undo and correct the wrong or error of the surveyor in that regard. 62 Washington, 572. To secure a reversal of the judgment the plaintiff prosecutes this writ of error.

Although challenged by the defendants, our jurisdiction does not admit of any doubt. The plaintiff asserted a right to settle upon the land notwithstanding the wrongful act or error of the surveyor in designating and meandering it as a lake, and also a right to remain in possession to the end that he might perform the acts essential to the acquisition of the title, and he expressly predicated these rights upon the homestead law of the United States. The decision was against the rights so claimed, and this brings the case within § 709 of the Revised Statutes, now § 237 of the Judicial Code.

The state courts seem to have proceeded upon the theory (a) that the surveyor's action in designating and meandering the 1,200-acre area as a lake operated as an authoritative determination that it was not agricultural land, but a permanent body of water, and (b) that this determination, while remaining undisturbed by the Land Department, took the land without the operation of the settlement laws, including the homestead law. But in this there was a misconception of the authority of the surveyor. He was not invested with power to determine the character of the land which he surveyed or left unsurveyed, or to classify it as within or without the operation of particular laws. All that he was to do in that regard was to note and report its character, as it appeared to him, as a means of enlarging the sources of information upon that subject otherwise available. In *Barden* v. *Northern Pacific Railroad Co.*, 154 U. S. 288, 292, in disposing of a contention that the lands there in question had been determined and reported by the surveyor as agricultural and not mineral, and that the determination and report remained in force, this court said, p. 320: "But

the conclusive answer to such alleged determination and report is that the matters to which they relate were not left to the Surveyor General. Neither he nor any of his subordinates was authorized to determine finally the character of any lands granted or make any binding report thereon. Information of the character of all lands surveyed is required of surveying officers, so far as knowledge respecting them is obtained in the course of their duties, but they are not clothed with authority to especially examine as to these matters outside of their other duties, or determine them, nor does their report have any binding force. It is simply an addition made to the general information obtained from different sources on the subject." So, if the area designated and meandered as a lake was in truth agricultural land susceptible of cultivation, as alleged in the complaint and admitted by the demurrer, it was as much public land after the survey, and as much within the operation of the settlement laws, as if its true character had been reported by the surveyor. It merely was left unsurveyed. See *Niles* v. *Cedar Point Club,* 175 U. S. 300, 308; *French-Glenn Live Stock Co.* v. *Springer,* 185 U. S. 47; *Security Land &c. Co.* v. *Burns,* 193 U. S. 167, 187; *Scott* v. *Lattig,* 227 U. S. 229, 241.

It will be perceived that we are not speaking of land which was covered by a permanent body of water at the time of the survey and thereafter was laid bare by a subsidence of the water, nor yet of comparatively small areas which sometimes lie within meander lines reasonably approximating the shores of permanent bodies of water. See *Horne* v. *Smith,* 159 U. S. 40; *Kean* v. *Calumet Canal Co.,* 190 U. S. 452; *Hardin* v. *Shedd,* 190 U. S. 508. Neither are we concerned with a collateral attack upon a public survey, as was the case in *Cragin* v. *Powell,* 128 U. S. 691, and *Stoneroad* v. *Stoneroad,* 158 U. S. 240, for the plaintiff is not asking that any of the lines of the survey be rejected or altered, but only that a possessory right ac-

quired by settlement upon public land confessedly left
unsurveyed be protected.

The homestead law in terms subjects unsurveyed public lands, if agricultural and unappropriated, to settlement
by persons having the requisite qualifications and intending to comply with its requirements as a means of acquiring the title, and also plainly confers upon the settler the
right of possession, without which compliance with those
requirements would be impossible.  Rev. Stat., §§ 2289
et seq.; Act May 14, 1880, 21 Stat. 140, c. 89, § 3; Rev.
Stat., § 2266; Act March 3, 1891, 26 Stat. 1095, c. 561,
§ 5; United States v. Waddell, 112 U. S. 76, 80; Sturr v.
Beck, 133 U. S. 541, 547; Nelson v. Northern Pacific Railway Co., 188 U. S. 108, 125; Scott v. Lattig, 227 U. S. 229,
240; Wadkins v. Producers Oil Co., 227 U. S. 368, 373.
So, it clearly appears from the allegations of the complaint,
as admitted by the demurrer, that the land in question
was open to homestead settlement when the plaintiff
settled thereon; that by his settlement and subsequent
acts he acquired an inceptive homestead right which entitled him to the possession; and that the defendants, in
forcing him to withdraw from the land and in then withholding the same from him, wrongfully invaded this possessory right.

The question of the jurisdiction of the court of first
instance, although not difficult of solution, remains to be
noticed.  It was not held by the appellate court that the
jurisdiction of the former under the local laws was not
broad enough to enable it to entertain the action and
award appropriate relief, but only that this jurisdiction
could not be exerted consistently with the laws of Congress,
and this upon the theory that the latter invested the Land
Department with exclusive authority to deal with the
subject.

It is true that the authority to make surveys of the
public lands is confided to the Land Department and that

the courts possess no power to revise or disturb its action in that regard, but here the court was not asked to make a survey or to revise or disturb one already made. As has been indicated, the land in question was not surveyed but left unsurveyed, and the plaintiff, whose possession under a lawful homestead settlement had been invaded and interrupted by mere trespassers, was seeking a return of the possession to the end that he might continue his rightful efforts to earn the title. In short, it was not a survey, but the right of possession under an inceptive homestead claim, that was in question.

Generally speaking, it also is true that it is not a province of the courts to interfere with the Land Department in the administration of the public-land laws, and that they are to be deemed in process of administration until the proceedings for the acquisition of the title terminate in the issuing of a patent. But no interference with that department or usurpation of its functions was here sought or involved. It has not been invested with authority to redress or restrain trespasses upon possessory rights or to restore the possession to lawful claimants when wrongfully dispossessed. Congress has not prescribed the forum and mode in which such wrongs may be restrained and redressed, as doubtless it could, but has pursued the policy of permitting them to be dealt with in the local tribunals according to local modes of procedure. And the exercise of this jurisdiction has been not only sanctioned by the appellate courts in many of the public-land States, but also recognized and approved by this court. *Woodsides* v. *Rickey,* 1 Oregon, 108; *Colwell* v. *Smith,* 1 Wash. Ter. 92; *Ward* v. *Moorey,* 1 Wash. Ter. 104, 107; *Arment* v. *Hensel,* 5 Washington, 152; *Fulmele* v. *Camp,* 20 Colorado, 495; *Wood* v. *Murray,* 85 Iowa, 505; *Matthews* v. *O'Brien,* 84 Minnesota, 505; *Zimmerman* v. *McCurdy,* 15 N. Dak. 79; *Whittaker* v. *Pendola,* 78 California, 296; *Sproat* v. *Durland,* 2 Oklahoma, 24, 45; *Peckham* v. *Faught,* 2 Oklahoma, 173;

*Lytle* v. *Arkansas*, 22 How. 193, 205; *Marquez* v. *Frisbie*, 101 U. S. 473, 475; *Black* v. *Jackson*, 177 U. S. 349; *United States* v. *Buchanan, ante,* p. 72. See also *Cosmos Exploration Co.* v. *Gray Eagle Oil Co.*, 190 U. S. 301, 308, 315; *Humbird* v. *Avery*, 195 U. S. 480, 504; *Bunker Hill Co.* v. *United States*, 226 U. S. 548, 550. It was well said by the Supreme Court of Oklahoma in *Sproat* v. *Durland, supra:* "To say that no relief can be granted, or that our courts are powerless to do justice between litigants in this class of cases, pending the settlement of title in the Land Department, would be the announcement of a doctrine abhorrent to a sense of common justice. It would encourage the strong to override the weak; would place a premium upon greed and the use of force, and in many instances lead to bloodshed and crime. Such a state of affairs is to be avoided and the courts should not hesitate to invoke the powers inherent in them and lend their aid, in every way possible, in aid of justice by preventing encroachments upon the possessory rights of settlers, or by equitably adjusting their differences."

We are accordingly of opinion that the laws of Congress interposed no obstacle to the jurisdiction of the court of first instance, and that, instead of dismissing the case, it should have proceeded to an appropriate disposition of the asserted right of possession. See R. & B. Ann. Wash. Codes, § 942; *Second Employers' Liability Cases*, 223 U. S. 1, 55–59.

*Judgment reversed.*