DENEE *v.* ANKENY, EXECUTRIX OF RIDPATH.

GUNNING ET AL. *v.* MORRISON ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

Nos. 147, 440. Argued January 23, 1918.—Decided March 4, 1918.

An attempt to establish settlement by stealth and retain it by force against one who is in peaceable possession of public lands *bona fide* claiming them is not countenanced by the Homestead Law.

One who would acquire under the Homestead Law unappropriated public lands which are in the peaceable possession of another, is subject to the law of the State against stealthy entries and forcible detainers and providing for summary restoration of possessions so displaced without inquiry into the title or right of possession. Such a case presents no conflict between the state and federal law.

An enclosure of public land, accompanied by actual possession under claim of right and color of title, in good faith, is not obnoxious to the Fence Act of February 25, 1885, c. 149, 23 Stat. 321, nor subject, under the Homestead Law, to be broken and entered for the purpose of initiating a homestead claim.

85 Washington, 322; 91 Washington, 693, affirmed.

THE cases are stated in the opinion.

*Mr. Fred B. Morrill,* with whom *Mr. John J. Skuse* was on the briefs, for plaintiffs in error, in support of their contention that the right of a qualified person to make settlement upon unappropriated public land under the Homestead Law may not be thwarted or embarrassed by the unauthorized occupancy of another or by the state forcible entry and detainer statutes, relied upon a number of decisions of this court affirming the dominancy of federal laws respecting the public domain. The settler may go and remain upon the land. *Moss* v. *Dowman,* 176 U. S. 413; *Shepley* v. *Cowan,* 91 U. S. 330; *Anderson* v. *Carkins,* 135 U. S. 483; *Bohall* v. *Dilla,* 114 U. S. 47; *United States* v. *Waddell,* 112 U. S. 76. His entry upon unsurveyed public land plainly confers the right of possession, *Gauthier* v. *Morrison,* 232 U. S. 452; and, since the Fence Act of 1885, a valid settlement may be made upon public lands unlawfully enclosed, even though the settlement is effected by breaking and entering the enclosure. *Jones* v. *Kirby,* 13 L. D. 702; *Thompson* v. *Holyroyd,* 39 L. D. 362; *Stovall* v. *Heenan,* 12 L. D. 382; *Wheeler* v. *Rodgers,* 28 L. D. 250; *Norton* v. *Westbrook,* 9 L. D. 455; *Stoddard* v. *Neigle,* 7 L. D. 340. There is no contention that plaintiffs in error resorted to violence in making their settlement and establishing their residence. The lands in question being unsurveyed, the only way in which they could acquire any rights therein under the Homestead Laws would be by going in person and making settlement and establishing residence; and in order to protect the

rights thus acquired they must continue that residence.
*Gauthier* v. *Morrison, supra.* There is no law under which
a would-be settler can bring an action in court, or in the
Land Department, to oust an unlawful occupant of public
lands and thereby gain a preference right to make settle-
ment and establish residence.

Plaintiffs in error are not attempting to put the title in
issue. All they are claiming is that the lands have never
been disposed of by the United States and are agricultural
in character; that they are in possession of them under an
act of Congress which grants them the right to enter and
acquire possession, and that no court can under a state
statute deprive them of that right. When it was shown
that the lands had never been surveyed and title passed
from the Government under an act of Congress, and that
plaintiffs in error, having the necessary qualifications,
were settlers under the Homestead Laws, the action should
have been dismissed. If the decision of the court below is
sustained, trespassers upon the public domain can, by
enclosures, prevent any good faith settler from making a
settlement, maintaining residence and acquiring title
from the Government, under the settlement laws of the
United States.

The entry into possession was not *unlawful* in the sense
of the Washington Statute, Remington & Ballinger's
Anno. Codes & Stats., § 811.

*Mr. Reese H. Voorhees,* with whom *Mr. D. W. Henley*
and *Mr. H. W. Canfield* were on the briefs, for defendants
in error.

MR. JUSTICE McREYNOLDS delivered the opinion of
the court.

These cases involve the same points; the second was
decided below upon authority of the first. 85 Washing-

ton, 322; 91 Washington, 693. It will suffice briefly to state and indicate our opinion in respect of the federal questions as raised in number 147.

The following portions of Remington & Ballinger's Anno. Codes & Stats. of Washington are in force as law in that State:

"Sec. 811. Every person is guilty of a forcible detainer who either,—

"1. By force, or menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise; or

"2. Who in the night-time, or during the absence of the occupant of any real property [unlawfully] enters thereon, and who, after demand made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant. The occupant of real property within the meaning of this subdivision is one who, for the five days next preceding such unlawful entry, was in the peaceable and undisturbed possession of such real property."

"Sec. 825. On the trial of any proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to a forcible entry complained of, that he was peaceably in the actual possession at the time of the forcible entry; or in addition to a forcible detainer complained of, that he was entitled to the possession at the time of the forcible detainer."

Relying upon these sections, Ridpath, the deceased, instituted an action of forcible detainer in the Superior Court for Spokane County alleging that while he was (and for more than five days had been) in peaceful and undisturbed possession of certain lands enclosed by a good and substantial fence plaintiff in error in the night-time, "broke the enclosure above mentioned around said above described premises and entered thereon and has since said

entry continuously occupied and remained upon said premises" and has refused to surrender them. He asked restitution and damages.

By answer and also by tender of proof plaintiff in error unsuccessfully sought to set up and show that the lands belonged to the United States (having never been granted), were unlawfully enclosed and that he entered in order to initiate a homestead claim. The Supreme Court affirmed a judgment granting the relief asked for by Ridpath. 85 Washington, 322, 325, 326, 327, 328. It found that for more than twenty years he had been in peaceful possession of the lands which were fenced and under cultivation; and that at night plaintiff in error broke the enclosure, entered and refused to remove.

After quoting the two sections set out above, the court said:

"These statutes are clearly peace statutes, and the issues in a case of this kind are but two: First, was the plaintiff, for five days prior to the entry of the defendant, in the peaceable and actual possession of the land, and second, was the entry of the defendant a forcible entry and an unlawful detainer? The statute makes no provision for the trial of title or the right of possession in such a case. Other remedies are afforded by other statutes to try title or right of possession. This statute does not contemplate that a person, even though he be entitled to possession, may, by force or stealth, obtain possession, and thereby put upon the plaintiff the burden of proving the paramount title or a paramount right of possession."

Replying to insistence that the premises were unappropriated public lands which a qualified citizen might rightfully enter upon and improve under laws of the United States (Rev. Stats., §§ 2289 et seq.) and the state statutes concerning unlawful or forcible detainer interfered therewith, the court declared: "It is clear, we think, that there is no conflict between the state statutes

and the United States statutes. The United States stat-
utes have made no provision for determining conflicting
rights under claim of possession, but the determination
of these rights is left to the states to be regulated by
state statutes. . . . *Gauthier* v. *Morrison*, 232 U. S.
452, 461, . . . The question in this case was, whether
the respondent was in the peaceable and quiet possession
of the real estate at the time of the forcible entry and un-
lawful detainer. If he was in the peaceable and quiet
possession, then it follows, of course, that the appellant
could not, by force or by unlawful entry in the night-
time, dispossess h' n of that peaceable possession. As
stated above, neither could the question of title, or the
paramount right of possession, be determined in this ac-
tion. There is clearly no conflict between the Federal
and the state laws upon this question." This answer, we
think, is sufficient, and nothing need be added.

To the further claim that the premises were fenced con-
trary to Act of February 25, 1885, 23 Stat. 321, 322, and
consequently plaintiff in error could properly break en-
closure and enter in order to initiate a homestead claim,
the court replied: "It is plain that the legal right of the
parties to the possession of these lands cannot be tried in
this action. But if the same could be tried, the appellant
did not seek to show, either that the respondent was in
possession of this particular tract of land without claim
of right or color of title, or in bad faith, for it was appar-
ently conceded that the respondent, or his tenant, was in
actual possession of the tract of land in dispute, and that
the respondent had purchased the land at a fair price and
was in possession thereof claiming to be the owner. . . .
*Cameron* v. *United States*, 148 U. S. 301, 305, . . . .
Even though the respondent had enclosed the land claimed
to have been enclosed, such enclosure was not necessarily
unlawful, because the enclosure is not prohibited where
it is under claim of right or color of title. The record in

this case conclusively shows that the respondent was holding the land, which was surrounded by fence, under claim of right and color of title, and he and his predecessors had so held it for more than 20 years." This reply we also think is correct and adequate.

In *Lyle* v. *Patterson*, 228 U. S. 211, 215, 216, we held a possessory title may be good as against all except the United States and pointed out the evil consequences which would "result if possession secured by violence and maintained with force and arms could furnish the basis of a right enforceable in law."

There is no error in either of the judgments below in respect of any federal question and both are

*Affirmed.*