PROVOSTY, J.
John MeW. Ford, the plaintiff in one of these two suits, inherited, and went into actual possession of, a tract of land of 440 acres which his ancestors in title had been in the actual possession of for many years by virtue of a chain of titles going bEick to a patent from the state. When the events occurred which have given rise to these two suits, this land had been for several years under lease to a Mr. Hamil, and in the latter’s possession, and all of it was under fence, except about 20 acres of lot 7 of section 14, township 18 north, range 14 west, which for two or three years had been suffered to lie out. By permission of Mr. Hamil, the lessee, one W. A. Oden had constructed and was occupying a small building on this open 20 acres. Hamilton, the defendant in the Ford suit and the plaintiff in the other, who had come to that neighborhood two or three years previously, and had been in that time earning a living as a night watchman in a factory, gave Oden 20 acres of woodland in the state of Oklahoma in exchange for the said small building, and went into the occupancy of it. For this substitution of Hamilton to Oden on the land, these two went to see Hamil, and obtained his permission. Hamilton, having discovered that-Ford’s title to the said lot 7 was not good, for the reason that the patent to it had emanated from the state, instead of from the United States, set about acquiring the title by a homestead entry, and accordingly made application to the United States land office. The money wherewith to make the necessary payment he secured by entering into an agreement with Frank Solomon, the defendant in the Hamilton suit, by which Solomon was to construct a residence on the land, and have the half of the land when the homestead patent should have been obtained. Solomon was already occupying 2% acres of the said open part of lot 7 under a lease which Ford, with the permission of Hamil, had made to him. Solomon already had a store on this 2% acres, and at once set about constructing the residence building. Ford knew nothing of this conspiracy to oust his title; but, the two conspirators having fallen out, Hamilton brought the present injunction suit to get rid of Solomon, and Solomon called Ford in warranty, as lessor, to defend the suit. Judgment went against Hamilton, and he appealed to this court. Then Ford brought the other suit, to eject Hamilton and enjoin him from trespassing, and judgment went against Hamilton, and he appealed to this court, and the two suits have been consolidated in this court. At the time these suits were brought Hamilton had already had some of the land plowed and had started a garden.
Hamilton denies having made the said agreement with Solomon; but the evidence overwhelmingly establishes the contrary. He also denies that his possession was by consent of Ford’s lessee, Hamil; but here again the contrary is established beyond a peradventure.
[1,2] Hamilton makes the point that until land has passed out of the government and into private ownership the courts cannot deal with the question of title, but only with that of possession, citing among other decisions Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800, and Brown v. Hitchcock, 173 U. S. 473, 10 Sup. Ct. 485, 43 L. Ed. 772; but the sole question in this ease is that of possession, and with that question the courts are competent to deal pending the application to the land department for title. Mengel v. Norman, 144 La. 632, 81 South. 207; Gauthier v. Morrison, 232 U. S. 461, 34 Sup. Ct. 384, 58 L. Ed. 685. The possession of Hamilton has manifestly been by mere sufferance of Ford and his lessee, Hamil, and *243 therefore terminable at any time at their will.
Solomon claims reimbursement of the expenses which Hamilton forced him to incur, in attorney’s fees, in protecting his possession against the disturbance of it by Hamilton’s injunction suit, and the trial court allowed $100.
The judgments appealed from are affirmed at the cost of appellant, Hamilton.
Eor opinion of O’NIELL, J., dissenting from the ruling in Ford v. Hamilton, No. 22833, see 84 South. 642.