## UNITED STATES v. SCHULTZ et al.

District Court, N. D. California, N. D.
March 22, 1929.

No. 285.

Geo. J. Hatfield, U. S. Atty., of San Francisco, Cal., and Albert E. Sheets, Asst. U. S. Atty., of Sacramento, Cal.

Chas. L. Gilmore, of Sacramento, Cal., for defendants.

BOURQUIN, District Judge. The complaint alleges that without right defendants occupy with buildings and possess certain premises of a national forest, and the prayer is injunction to prevent. The answer questions the equity jurisdiction, alleges rightful occupancy and possession by virtue of lodes mining locations, and that the character of the land cannot be investigated or determined save by proceedings in the land department.

The purpresture and public nuisance alleged invoke equity jurisdiction. U. S. v. Hodges (D. C.) 218 F. 87.

To their contention that this court is without jurisdiction to hear and determine the character of the land, and that to that end plaintiff must proceed in the Land Department, defendants cite Cameron v. U. S., 252 U. S. 454, 40 S. Ct. 410, 64 L. Ed. 659. Therein are general expressions supporting defendants, but more or less dicta and not believed to close the courts to plaintiff in endeavor to abate nuisance upon its lands, to remove clouds, or to quiet title. The decision in the Cameron Case is that upon application for patent for a lode claim, the Land Department has exclusive jurisdiction to hear and determine whether patent is due, and that its decisions of issues of fact, when unaffected by fraud or mistake, are conclusive in any court proceedings to enforce them.

The courts are always open to private litigants to determine possessory rights in public land. Gauthier v. Morrison, 232 U. S. 461, 34 S. Ct. 384, 58 L. Ed. 680. Not to determine title, however, because they have not title. But the United States having title, the tribunals are always open to it to vindicate its rights therein, either that of the Land Department or that of the courts, at its election if proceedings are initiated by it. See U. S. v. Sherman (C. C. A.) 288 F. 497. The obvious reason why private parties cannot litigate title failing in respect to the United States, the rule limiting the former also fails. In general, the courts are open to the United States, and no statute closes them to it in matters of public land other than transfer of title. Unlike Cameron's Case, defendants have not applied for patent, and the

United States institutes the instant proceedings. Of the evidence, it is so clear that the lands are not proven to be mineral in character, so clear that defendants' locations are void, within the rule of Cameron's Case [see also U. S. v. Northern, etc., Co. (D. C.) 1 F.(2d) 53], it suffices to say so.

Decree for plaintiff.