**HUMBOLDT PLACER MINING COMPANY, a corporation, and Del De Rosier, Plaintiffs,**

v.

**Raymond R. BEST, as State Supervisor, Bureau of Land Management, and Walter E. Beck, as Manager, District Land Office, Bureau of Land Management, Department of the Interior, Defendants.**

**Civ. No. 8076.**

United States District Court
N. D. California, N. D.
June 21, 1960.

Charles L. Gilmore, Sacramento, Cal., for plaintiffs.

Laurence E. Dayton, U. S. Atty., and Charles R. Renda, Asst. U. S. Atty., San Francisco, Cal., for defendants.

HALBERT, District Judge.

This is a complaint for injunction. Plaintiffs allege that defendants, in their official capacity acting on behalf of the United States, have initiated contest proceedings against certain claims before the Bureau of Land Management. The claims involved are unpatented mining claims located on the public lands. The grounds of contest include the allegations that the land involved is non-mineral in character, and that minerals have not been found in sufficient quantities to constitute a valid discovery. Plaintiffs allege that the claims involved are the subject of condemnation suits filed by the United States in this Court. A temporary restraining order was granted, on the posting of security. Defendants have moved the Court to vacate that order, and to dismiss the complaint.

. It is not disputed that the Government may institute contests of claims such as are alleged, unless the filing of the condemnation suits requires a different result (Cameron v. United States, 252 U.S. 450, 454, 40 S.Ct. 410, 64 L.Ed. 659.) Furthermore, it is not disputed that the United States may elect to try issues more usually tried in a contest proceeding in a United States District Court (United States v. Schultz, 31 F.2d 764.) The only question requiring a decision in this case is whether the filing of a condemnation suit in the United States District Court constitutes an irrevocable choice of forum by the United States, so that all contests of the character here involved must then be resolved in such Court.

■ The affidavits and exhibits filed by defendants in this case disclose that the purpose of the filing of the condemnation suits was to get immediate possession. No authority, or reason, is advanced by plaintiffs which will support the proposition that such suits constitute an irrevocable election of forum. It may be assumed that if the Government raised the issue of validity of the claims in this Court, and at the same time vexed plaintiffs by filing contest claims before the Bureau of Land Management, this Court would have power to protect its jurisdiction, and to prevent harassment of plaintiffs, by enjoining further prosecution of the contests. In fact, a failure to do so would likely constitute an abuse of discretion (Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925). But where a court has jurisdiction of an entire controversy, it may wait until a court or tribunal of more limited jurisdiction adjudicates the is-

sues peculiarly within its competency, and then give binding effect to the decision of such court or tribunal (United States v. Eisenbeis, 9 Cir., 112 F. 190; United States v. Adamant Co., 9 Cir., 197 F.2d 1; and See: Railroad Comm. v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; and Louisiana P. & L. Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058.)

The Bureau of Land Management is an agency with special competency and administrative experience in the hearing of contests of claims relating to the public lands. The attempt of counsel for plaintiffs to characterize that body as a "star chamber" is without justification. The procedural safeguards afforded to contestees (See 43 C.F.R. §§ 221.1 et seq.), include the right of review by the courts under the Administrative Procedure Act (Title 5 U.S.C.A. §§ 1001–1011; and Adams v. Witmer, 9 Cir., 271 F.2d 29).

Assuming that this Court has the power to enjoin further proceedings in the contests which are now at issue, there is no good reason for the exercise of such power. To the contrary, there is every reason to allow the issues of the contests to be resolved by the administrative agency, with its special experience and expertise in these matters. Harmful multiplicity of litigation will not be involved, for the issues raised in the contest will not be tried by this Court in the condemnation cases. Until the resolution of the contests, the question of who, if anybody, is entitled to just compensation will be held in abeyance. The power of the Federal courts to review agency decisions under the Administrative Procedure Act does not involve harmful multiplicity of litigation, because a court in such cases exercises a limited function of review.

It is the considered opinion of the Court that defendants' motion to dismiss should be granted. The factual questions, which have arisen as to which contested claims are actually involved in which condemnation suits, need not be resolved. Further, it is not necessary to consider defendants' contention that plaintiffs had themselves instituted patent proceedings before the Bureau of Land Management prior to the filing of the condemnation suits.

It is, therefore, ordered that the temporary restraining order issued by this Court in this cause on April 18, 1960, be, and it is, hereby vacated and dissolved;

It is further ordered that plaintiffs' complaint, and the cause of action sought to be stated therein, be, and the same is, hereby dismissed;

And it is further ordered that defendants prepare all documents necessary for the complete disposition of this case, in accordance with this memorandum and order, and lodge such documents with the Clerk of this Court pursuant to the applicable rules and statutes.