**HUMBOLDT PLACER MINING COMPANY, a corporation, and Del De Rosier, Appellants,**

v.

**Raymond R. BEST, as State Supervisor, Bureau of Land Management, and Walter E. Beck, as Manager, District Land Office, Bureau of Land Management, Department of the Interior, Appellees.**

No. 17093.

United States Court of Appeals
Ninth Circuit.

Aug. 18, 1961.

Before CHAMBERS, JERTBERG and KOELSCH, Circuit Judges.

JERTBERG, Circuit Judge.

Appellants appeal from a summary judgment dismissing their complaint seeking injunctive relief against the appellees.

Jurisdiction of the district court is predicated on the alleged presence of a federal question. Title 28 U.S.C.A. §§ 1358 and 1331. The amount in controversy is alleged to exceed $10,000. This Court has jurisdiction to review the judgment under Title 28 U.S.C.A. §§ 1291 and 1294.

It appears that on June 27, 1957, the United States of America, under its powers of eminent domain, filed an action in condemnation in the United States District Court for the Northern District of California, Northern Division, seeking to acquire title to or outstanding adverse interests in lands located in Trinity County, California, on part of which are located unpatented mining claims of which appellants claim to be the owners and to which they claim the right of possession. These mining claims are located upon public lands the paramount title to which is in the United States. On instructions from the Solicitor of the Department of the Interior, dated June 5, 1957, the district court in the condemnation proceedings issued to the United States a writ of possession.

On March 17, 1960 appellees, who are officials of the Bureau of Land Management, Department of the Interior, filed in the office of the Bureau of Land Management, at Sacramento, California, a government contest seeking an adjudication by the Bureau of Land Management of the validity of appellants' mining claims. Said government contest complaint alleged that the land embraced within appellants' mining claims is non-mineral in character and that minerals had not been found within the limits of the claims in sufficient quantities to constitute a valid discovery. Appellants were ordered to appear before the Bu-

Chas. L. Gilmore, Sacramento, Cal., for appellant.

J. Edward Williams, Acting Asst. Atty. Gen., S. Billingsley Hill, A. Donald Mileur, Attys., Dept. of Justice, Washington, D. C., and Laurence E. Dayton, U. S. Atty., and J. Harold Weise, Asst. U. S. Atty., San Francisco, Cal., for appellee.

reau of Land Management in this contest proceedings.

Thereafter appellants instituted their action in the district court, seeking to enjoin and restrain the appellees from proceeding in any manner in connection with the alleged government contest complaint filed with the Bureau of Land Management on behalf of the government. In this complaint filed in the district court appellants alleged that they were the owners of the mining claims and that each of them included lands of established and known mineral character, upon which as to each separate claim a discovery of valuable mineral has been made and that each of them has been and is held and worked by extensive excavation for its valuable gold content. Appellants further alleged that the appellees in proceeding with said government contest were acting in excess of authority in that, because of the pendency of the condemnation action, the administrative proceedings will result in a multiplicity of suits and that the appellants will be subjected to prolonged litigation, and that the settlement and determination of all questions of title are wholly and entirely within the exclusive jurisdiction of the district court in the condemnation proceedings.

Appellees filed no answer to the complaint filed by appellants in the district court, but in response to the court's order to show cause why a preliminary injunction should not be issued moved the district court to vacate a temporary restraining order previously issued, and moved the district court to dismiss the complaint. The district court treated the motion of appellees as a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Following a hearing, a summary judgment in favor of appellees was entered.

■ Absent the filing and the pendency of the condemnation action, appellants concede that the United States may initiate a contest proceeding before the Bureau of Land Management for the purpose of having adjudicated the legality and valdity of an unpatented mining claim on public land. Such is undoubtedly the law. See Cameron v. United States, 1920, 252 U.S. 450, 40 S.Ct. 410, 64 L.Ed. 659.

The United States, plaintiff in the condemnation proceedings, is not a party to the instant case. The appellees (defendants in the district court) are subordinate officials of the Bureau of Land Management of the Department of the Interior. While we are not advised whether the district court has deferred further proceedings in the condemnation action pending the final determination of the administrative proceedings, it is clear from the following language of the district court's opinion in the instant case that such action will be taken. In the opinion of the district court Humboldt Placer Mining Company and Del De Rosier v. Raymond R. Best, etc., D.C., 185 F.Supp. 290, 292, he stated:

"Harmful multiplicity of litigation will not be involved, for the issues raised in the contest will not be tried by this Court in the condemnation cases. Until the resolution of the contests, the question of who, if anybody, is entitled to just compensation will be held in abeyance."

■ It is not disputed that a valid mining claim on public land, though unpatented, is an interest in real property which cannot be taken from the owner thereof under the power of eminent domain except upon the payment of just compensation. North American Transportation & Trading Company v. United States, 1918, 53 Ct.Cl. 424 affirmed 1920, 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935; Phillips v. United States, 9 Cir., 1957, 243 F.2d 1.

The complaint in condemnation was filed in the district court on behalf of the United States by the Attorney General of the United States, at the instance and direction of the Solicitor of the Department of the Interior, exercising the authority of the Secretary of the Interior,

pursuant to the provisions of Title 40 U.S.C.A. § 257.[1]

■ The district court has jurisdiction of a condemnation action.[2] Inherent in the condemnation proceedings is the issue of the validity of appellants' mining claims. If valid, the appellants are entitled to just compensation for the taking thereof. If invalid, appellants have no compensable interest therein. The jurisdiction of the district court to determine the validity of the mining claims on public lands is not questioned. See United States v. Schultz, 9 Cir., 1929, 31 F.2d 764.

If any doubt should exist as to whether the validity of the mining claims was put in issue in the condemnation proceedings, such doubt is removed by the allegation contained in the condemnation complaint wherein it is alleged that the plaintiff is the owner of the lands upon which the mining claims are located and that each of the mining claims is invalid. While we recognize that neither the filing of the condemnation action nor the order for immediate possession obtained therein constitutes any admission by the plaintiff as to the validity of the mining claims—see United States v. 93,970 Acres of Land, et al., 1959, 360 U.S. 328, 79 S.Ct. 1193, 3 L.Ed.2d 1275— nevertheless, the issue of validity of the mining claims is not removed from the condemnation action on the mere allegation that the mining claims are invalid.

Thus it is clear to us that the Secretary of the Interior did not resort to the condemnation action solely for the purpose of obtaining possession of the lands upon which the mining claims are located, and it is equally clear to us that the Secretary elected to put into issue in the condemnation action the validity of the mining claims.

After 44 months, during which the issue of validity was before the district court in the condemnation action, and during which, by virtue of writ of possession granted by the district court to the plaintiff at the instance and request of the Secretary of the Interior, the plaintiff was and still is in possession of the lands upon which the mining claims are located, and during which the appellants, who do not contest the right and power of the plaintiff to condemn their claimed valid mining claims, were presumably waiting trial on the issues involved in the condemnation action, the Secretary of the Interior, through his subordinates, initiated the administrative proceedings whereby he seeks to select another forum in which to adjudicate the validity of the mining claims.

The broad question presented by this appeal is whether the district court erred in refusing to enjoin appellees from proceeding further in the administrative proceedings, and in stating that the condemnation proceedings will be held in abeyance pending the final decision of the administrative tribunal.

The effect of the district court's action is to require appellants to depart from the district court and undergo litigation in an administrative tribunal on one of the issues before the district court in the condemnation proceedings. If the decision is adverse to the appellants, the appellants must exhaust their admin-

---

1. "§ 257. Condemnation of realty for sites and other uses

"In every case in which the Secretary of the Treasury or any other officer of the Government has been, or hereafter shall be, authorized to procure real estate for the erection of a public building or for other public uses, he may acquire the same for the United States by condemnation, under judicial process, whenever in his opinion it is necessary or advantageous to the Government to do so, and the Attorney General of the United

States, upon every application of the Secretary of the Treasury, under this section and section 258 of this title, or such other officer, shall cause proceedings to be commenced for condemnation within thirty days from receipt of the application at the Department of Justice."

2. Title 28 U.S.C.A. § 1358. "Eminent domain

"The district courts shall have original jurisdiction of all proceedings to condemn real estate for the use of the United States or its departments or agencies."

istrative remedies before seeking judicial review of such decision. See Adams v. Witmer, 9 Cir., 1959, 271 F.2d 29; Title 5 U.S.C.A. § 1009. Included in the administrative remedy is an appeal to the Secretary of the Interior, Title 43, Code of Federal Regulations § 221.31.[3] The Solicitor of the Department of the Interior may exercise all of the authority of the Secretary of the Interior with respect to the disposition of appeals to the Secretary from the decisions of the Director of the Bureau of Land Management [or his delegates]. Order No. 2509, 17 Federal Register 6794, Section 23. The Solicitor is the official at whose direction the condemnation action was filed by the Attorney General on behalf of the United States, and in which it is alleged that appellants' mining claims are invalid. An adverse decision before the administrative tribunal may require appellants to proceed to this Circuit. See Adams v. Witmer, supra.

On the other hand, if the administrative decision should be in favor of appellants, appellants must return to the district court in order to have determined the issue of just compensation to which appellants may be entitled, which issue is beyond the power and jurisdiction of the administrative tribunal.

In Humboldt Placer Mining Company v. Best, supra, the district court stated:

"The affidavits and exhibits filed by defendants in this case disclose that the purpose of the filing of the condemnation suits was to get immediate possession. No authority, or reason, is advanced by plaintiffs which will support the proposition that such suits constitute an irrevocable election of forum. It may be assumed that if the Government raised the issue of validity of

the claims in this Court, and at the same time vexed plaintiffs by filing contest claims before the Bureau of Land Management, this Court would have power to protect its jurisdiction, and to prevent harassment of plaintiffs, by enjoining further prosecution of the contests. In fact, a failure to do so would likely constitute an abuse of discretion. (Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925). But where a court has jurisdiction of an entire controversy, it may wait until a court or tribunal of more limited jurisdiction adjudicates the issues peculiarly within its competency, and then give binding effect to the decision of such court or tribunal. (United States v. Eisenbeis, 9 Cir., 112 F. 190; United States v. Adamant Co., 9 Cir., 197 F.2d 1; and See: Railroad Comm'n. v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; and Louisiana P. & L. Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058.)."

While it is clear from other parts of the district court's opinion that in stating "the purpose of the filing of the condemnation suits was to get immediate possession," the court did not intend to foreclose appellants from a hearing on the issue of just compensation should the decision of the administrative tribunal be favorable, we believe, for the reason hereinabove stated, that the court was in error in stating that the issue of the validity of the mining claims is not raised in the condemnation proceedings.

█ It is made clear by the above quoted language from the decision of the district court, and the authorities therein cited, that the district court was of the

---

3. 43 Code of Federal Regulations.
    "§ 221.31 *Right of appeal to the Secretary of the Interior.* Any party adversely affected may appeal to the Secretary of the Interior from a final decision of the Director, whether such final decision is on an appeal or is an original decision, except from such a decision which, prior

to promulgation, has been approved by the Secretary. No appeal, however, may be taken from a decision of the Director affirming a decision of a subordinate official of the Bureau in any case where the party adversely affected shall have failed to appeal from the decision of such official."

view that there existed in the district court and the administrative tribunal concurrent jurisdiction to determine the issue of validity of the mining claims. In our view, the Secretary of the Interior invoked the jurisdiction of the district court to have such issue determined by the district court. We note that Rule 71A(h) of the Federal Rules of Civil Procedure provides that if an action involves the exercise of the power of eminent domain, and in the absence of any tribunal specially constituted by an Act of Congress governing the case for the trial of the issue of just compensation, that any party may have a trial by jury on the issue of just compensation by filing a demand therefor unless the court in its discretion orders determination of such issue by a commission of three persons appointed by it. The concluding sentence of said section is, "Trial on all issues shall otherwise be by the court." No statute or controlling authority has been called to our attention indicating that the administrative tribunal within the Department of the Interior retains jurisdiction to adjudicate the validity of mining claims after the Secretary of the Interior has invoked the jurisdiction of the district court by the filing of a condemnation action in which is raised the same issue.

■ Appellees rely on United States v. Minilee Baker, 60 I.D. 241 (1948), a decision of the Solicitor of the Department of the Interior in which it was held that proceedings to condemn public land for military purposes and taking possession thereof by the government would not affect the authority of the Bureau of Land Management to adjudicate the validity of a mining claim located on the land taken. The only authority cited for such conclusion is Cameron v. United States, supra. The Cameron case does not support the decision of the Solicitor. Eminent domain proceedings were not involved in Cameron. The jurisdiction of the district court was not invoked until after the Land Department of the Department of the Interior had adjudicated that the mining claim of Cameron

was invalid. When Cameron refused to surrender possession of his mining location, the United States instituted an action in the district court in the nature of trespass to eject and dispossess him.

The judgment of the district court is vacated and set aside and the cause remanded to the district court for further proceedings consistent with the views herein expressed.