# NORTHERN PACIFIC RAILWAY COMPANY ET AL. *v.* McCOMAS.

## CERTIORARI TO THE SUPREME COURT OF THE STATE OF OREGON.

No. 172. Argued January 22, 1919.—Decided June 9, 1919.

Lands constituting parts of odd-numbered sections within the primary limits of the land grant made to the Northern Pacific Railroad Company by the Act of July 2, 1864, c. 217, 13 Stat. 365, but which, at the date when that company's line opposite them was definitely located, were claimed by the State of Oregon under the Swamp Land Acts, as evidenced by its selection list on file in the Land Department, were excepted by the Act of 1864 from the grant of place lands, whether the claim of the State was valid or not. Pp. 389, 391.

Patents erroneously issued for such lands, as place lands, gave to the railroad only the legal title, leaving the equitable title in the United States. *Id.*

Undisputed possession, cultivation and improvement of public lands, under a conveyance from a State based on an unapproved selection of the lands as swamp lands, can convey no title. P. 391.

Where public lands are claimed by an individual under the Swamp Land Act, and by a railroad under lieu selections, the courts cannot anticipate adjudication by the Land Department, beyond protecting or restoring a possession lawfully acquired. P. 392.

Whether public lands are such as to come within the Swamp Land Act and whether they have been so occupied and appropriated as not to be subject to lieu selection by a railroad, are questions for the decision of the Land Department. *Id.*

Approval of a lieu land selection is not a mere formal act, but involves an exercise of sound discretion by the Secretary of the Interior. P. 393.

The Secretary may reject such a selection and hold the title in the United States for the protection of a *bona fide* occupant, who under a misunderstanding of his rights has reclaimed and improved the land at large cost. *Id. Williams* v. *United States,* 138 U. S. 514, 524.

Where land, occupied and claimed by an individual under the swamp land law, was patented pending the suit to a railroad under a lieu

selection, *held* that the occupant could not avail of the statute of limitations or attack the patent collaterally.  P. 393.

Where a railroad reconveys lands erroneously patented as place lands, and selects them as lieu lands, the fact that the land officers entertain the selections and pass one of them to patent establishes that the reconveyance was accepted by the United States.  *Id.*

82 Oregon, 639, reversed.

THE case is stated in the opinion.

*Mr. Charles Donnelly*, with whom *Mr. Charles W. Bunn* was on the brief, for petitioners.

*Mr. Harvey M. Friend* for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a suit to quiet title in the plaintiff to five small tracts of land in Umatilla County, Oregon, the right to such relief being predicated solely on adverse possession under color of title for ten years, the period prescribed in a local statute. The plaintiff obtained a judgment, which at first was affirmed by the Supreme Court of the State and then on a petition for rehearing was modified as to two of the tracts. 82 Oregon, 639 The case is here on writ of certiorari.

There was substantial testimony tending to show that McComas, the plaintiff, and his predecessors had been in undisputed possession of the lands for ten years when the suit was brought and that during that period they had been cultivating the lands and claiming the same under the deeds from the State hereinafter mentioned and had put improvements thereon costing more than ten thousand dollars. The other facts are set forth in a stipulation found in the record.

The lands are all parts of odd-numbered sections within

the primary or place limits of the land grant made to the Northern Pacific Railroad Company by the Act of July 2, 1864, c. 217, 13 Stat. 365. At the date of that act they were public lands of the United States and they continued to be such at the time the line of road opposite which they lie was definitely located, save as their status was affected by a pending claim of the State under the swamp-land grant made by the Acts of September 28, 1850, c. 84, 9 Stat. 519, and March 12, 1860, c. 5, 12 Stat. 3. This claim was shown by a swamp-land selection list filed in the Land Department November 23, 1872, and was still pending in that department in 1892 and 1895. In those years the State, without waiting for a determination of its claim by the department, executed deeds for the lands to persons who in turn executed deeds therefor to the plaintiff. As to three of the tracts the swamp-land claim was examined and rejected by the department some time before this suit was begun, and as to the other two it was still pending at that time.

The definite location of the line of road opposite which the lands lie was effected by a map filed in the Land Department and approved June 29, 1883. The grant to the railroad company was of all the odd-numbered sections of public land within designated limits on either side of the line of road as so located, with an express exception of such lands as at the time of definite location were reserved, sold, etc., or were not "free from preëmption, or other claims or rights." There was also an express exclusion of all mineral lands and a provision that "in lieu thereof a like quantity of unoccupied and unappropriated agricultural lands, in odd numbered sections, nearest to the line of said road may be selected" under the direction of the Secretary of the Interior. By reason of the pendency of the swamp-land claim at the time of the definite location all the tracts in question were excepted from the grant of lands in place, and this whether

the claim was well grounded or otherwise; that is to say, the fact that the claim was pending and undetermined prevented the lands from passing under the grant as place lands. *Whitney* v. *Taylor*, 158 U. S. 85, 92–94; *Northern Pacific R. R. Co.* v. *Sanders*, 166 U. S. 620, 630; *Northern Pacific R. R. Co.* v. *Musser-Sauntry Co.*, 168 U. S. 604, 609. But through some mistake in the Land Department three of the tracts were erroneously patented to the railroad company as place lands between 1906 and 1909. Without doubt the patents passed the legal title, but the United States was entitled to a reconveyance from the railroad company and in equity remained the true owner. *Germania Iron Co.* v. *United States*, 165 U. S. 379. The two tracts not patented as place lands were selected by the railroad company in 1908 and a succeeding year in lieu of other lands in place excluded from the grant by reason of being mineral. These selections were received by the local land office and were awaiting action by the Secretary of the Interior at the time of the trial.

This suit was brought September 25, 1912. Shortly thereafter the railroad company, recognizing that the patents theretofore issued to it for three of the tracts had been erroneously issued, reconveyed the title to the United States and subsequently selected those tracts in lieu of other tracts in place excluded from the grant by reason of being mineral. These selections were received by the local land office; one was approved by the Secretary of the Interior and passed to patent, and the other two were at the time of the trial pending before that officer.

The plaintiff made no effort by pleading or evidence to show that the swamp-land claim was well grounded or that he, his predecessors or the State, had in any way become entitled to receive the title from the United States.

With some hesitation the trial court concluded that the lands were not excepted from the grant of lands in

place by reason of the existence of the swamp-land claim at the date of the definite location, and therefore that on the definite location, by which the place limits were identified, the title passed to the railroad company, the grant being one *in præsenti* as respects place lands falling within its terms and not within its excepting or excluding clauses, and the provision for patents being intended only to give further assurance.. *Deseret Salt Co.* v. *Tarpey,* 142 U. S. 241; *Toltec Ranch Co.* v. *Cook,* 191 U. S. 532. On that theory a decree was entered quieting the title in the plaintiff as to all the tracts.

But the court should have held that the swamp-land claim pending, as it was, at the date of the definite location prevented these lands from passing under the grant of lands in place. The decisions of this court before cited leave no room for doubt on this point. The cases of *Iowa Railroad Land Co.* v. *Blumer,* 206 U. S. 482, and *Missouri Valley Land Co.* v. *Wiese,* 208 U. S. 234, relied on by the plaintiff, are not apposite. The lands there in question were within the place limits and at the time of definite location were free from other claims; so they were not excepted from the grant, as here, but passed from the Government on the definite location. It follows that as to the three tracts erroneously patented as before shown the railroad company had no title, legal or equitable, prior to the issue of the patents. Up to that time the title was in the United States, and of course no prescriptive right was acquired against it under the local statute. Besides, the title received through those patents was turned back to the United States before the trial and this operated to restore the three tracts to their prior status as public lands. The title under those patents—and it was merely the naked legal title—did not remain in the railroad company for anything like the period named in the local statute, if that be material. As to the other two tracts the railroad company up to the time the suit was brought had nothing

more than pending lieu land selections which required the approval of the Secretary of the Interior to make them effective, *Wisconsin Central R. R. Co.* v. *Price County*, 133 U. S. 496, 512, but as yet they had not received his approval.

The situation then at the time the case was heard in the trial court was this: The railroad company had neither the legal nor the equitable title to four of the tracts. Instead, the full title was in the United States and all existing claims to them arising under the land grants and other public land laws were pending in the Land Department, whose officers were specially charged by law with their examination and determination and with the disposal of the title accordingly. It is settled that in such a situation the courts may not take up the adjudication of the pending claims, but must await the decision of the land officers and the issue of patents in regular course. *Michigan Land & Lumber Co.* v. *Rust*, 168 U. S. 589, 592–594; *Brown* v. *Hitchcock*, 173 U. S. 473; *Cosmos Exploration Co.* v. *Gray Eagle Oil Co.*, 190 U. S. 301, 315; *Humbird* v. *Avery*, 195 U. S. 480, 502. There is, however, a related jurisdiction which the courts may exercise pending the final action of those officers; they may protect a possession lawfully acquired or restore one wrongfully interrupted, for that is a matter which is not confided to the Land Department and may be dealt with by the courts in the exercise of their general powers. *Gauthier* v. *Morrison*, 232 U. S. 452, 461.

Whether the tracts as to which the swamp-land claim is still pending were such as came within the terms of the swamp-land grant is a question of fact the decision of which is expressly committed to the Land Department; and this also is true of the question whether the tracts covered by the railroad company's lieu land selections were when the selections were tendered so occupied and appropriated as not properly to be subject to acquisition

in that way.  The approval or disapproval by the Secretary of the Interior of such lieu selections is not merely a formal act.  It involves an exercise of sound, but not arbitrary, discretion and makes it admissible for him, where a selection is proffered for land which a bona fide occupant, misinformed and misunderstanding his rights, has reclaimed and improved at large cost, to reject the selection and hold the title in the United States until, as this court has said, "within the limits of existing law or by special act of Congress," the occupant may be enabled to obtain title from the United States, *Williams* v. *United States*, 138 U. S. 514, 524.

As to the fifth tract the railroad company at the time of the trial held a patent issued pending the suit on a lieu land selection but recently initiated; so the prescriptive right asserted by the plaintiff could not possibly include that tract.  If, as he asserts, the tract was so occupied or appropriated that it properly could not be selected and patented in lieu of land in place found to be mineral, that may afford an adequate basis for a suit by the United States to cancel the patent, *Diamond Coal & Coke Co.* v. *United States*, 233 U. S. 236, or afford a basis for holding the railroad company as a trustee of the title for him if, notwithstanding the silence of the present record on the subject, he was entitled to a patent for the tract, *Svor* v. *Morris*, 227 U. S. 524, 529–530; but it does not enable him to complain on behalf of the United States or to assail the patent collaterally.  *Hoofnagle* v. *Anderson*, 7 Wheat. 212, 214–215; *Smelting Co.* v. *Kemp*, 104 U. S. 636, 647; *Bohall* v. *Dilla*, 114 U. S. 47, 51; *Sparks* v. *Pierce*, 115 U. S. 408, 412; *Fisher* v. *Rule*, 248 U. S. 314, 318.

The Supreme Court of the State in its final opinion came nearer the views here expressed than did the trial court, but it assumed that the reconveyance by the railroad company to the United States was not accepted by the latter and so was of no effect.  In this the court was mis-

taken, for it affirmatively appears not only that the land officers after the reconveyance entertained the lieu selections of the same tracts, but also that they approved one of those selections and passed it to patent. Besides, the ultimate judgment entered by the court departs somewhat—possibly through a clerical inadvertence—from its final opinion.

The judgment must be reversed and the cause remanded for further proceedings not inconsistent with the views here expressed.

*Judgment reversed.*