## WILBUR, Secretary of Interior, et al. v. LYDERS.

### No. 5491.

Court of Appeals of the District of Columbia.

Argued May 6, 1932.

Decided June 6, 1932.

878

O. H. Graves and Victor H. Wallace, both of Washington, D. C., for appellants.

C. F. R. Ogilby, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This case was here on a former appeal, West v. Lyders, 59 App. D. C. 122, 36 F. (2d) 108, 111. In that case the Secretary of the Interior and the Commissioner of the General Land Office were enjoined from canceling or rejecting Lyders' location and selection of a tract of land known as Whaler Island in the harbor of Crescent City, Del Norte county, Cal., and from issuing a patent thereto to the county of Del Norte.

Interpreting the decree in that case, the court said: "It will be observed, however, that the restraining order issued by the court below is not in the nature of a mandatory order to require the Secretary to forthwith issue a patent, but to restrain him from canceling plaintiff's selection and from issuing a patent to Del Norte county until the plaintiff has been accorded an opportunity to establish his rights. It further restrains the Department from giving any force or effect to the executive orders or the act of Congress in the further consideration of this case. This part of the order, we think, is justified, under the concessions made by counsel for the Department in the motion to dismiss the bill. The case, therefore, is remanded to the Department by the decree of the court below for further consideration of plaintiff's case, subject to the restrictions therein contained."

The situation in the present case is little, if any, different from that presented in the former case. It appears now that the Secretary is threatening to cancel appellee's selection and issue a patent to Del Norte county without according plaintiff a hearing, as was commanded in the former decree. In the present case defendants in their answer allege that, long prior to the date when plaintiff filed upon the lands in question, reports were made through the War Department in respect of the development of Crescent City Harbor, and the advisability of the use of Whaler Island in connection therewith; that, by Act of Congress of July 18, 1918 (40 Stat. 904), improvement of Crescent City Harbor was authorized "under plans, which the defendants are informed and believe contemplated the use of Whaler Island as a terminus of a sand jetty connecting with the shore, for the purpose of protecting the inner harbor"; that, as a condition precedent to the improvement, the Secretary of War should require local interests to contribute $200,000 toward the improvement; and that this amount was paid by Del Norte county to the Secretary of War.

These assertions raise issues of fact with nothing offered in support thereof excepting an ex parte ruling of the department. These facts, if established in an orderly proceeding before the Secretary in a contest of plaintiff's entry, and in accordance with the rules of practice of the department, might constitute the equivalent of such a withdrawal of Whaler Island from the public domain as to exclude it from the right of entry, even by the use of Valentine Scrip; but, before plaintiff's filing can be canceled, or patent issued, he is entitled to a hearing, as was commanded by the decree in the former case. His filing is a valid one that can only be assailed through a proper contest or protest proceeding in which he is accorded full right to be heard, with the privilege of answering these averments, in order that a proper record may be made upon which the Secretary can intelligently predicate a decision.

It is alleged by defendants in their answer to plaintiff's bill of complaint "that the land known as Whaler Island is within the established harbor limits of an incorporated town known as Crescent City, California, and that it is, therefore, not subject to acquisition under any of the public land laws of the United States, including the act of April 5, 1872 [17 Stat. 649], pursuant to which Valentine Scrip was issued." It is urged that this constitutes a ruling made within the discretionary power of the Secretary in his exclusive jurisdiction and control of the public lands, which is binding upon the courts. We think that it merely raises an issue of fact which, upon proof adduced under the rules of the department in a proper proceeding, or upon record evidence in substantiation thereof, might call for a decision which would be conclusive in the exercise of the Secretary's discretionary power. There is no showing, however, that Crescent City has ever established harbor limits, or even that it is an incorporated city. It follows that, whatever merit there may be

in this defense, there must be proof adduced on which a ruling of the Secretary may be based. A mere arbitrary ruling to the effect that Whaler Island is within the established harbor limits of Crescent City cannot be treated as a final decision in the exercise of the quasijudicial power reposed in the Secretary.

Until plaintiff has been accorded a full hearing, as provided by the rules of the department in contest proceedings, the injunction will continue in force.

The decree is affirmed.