## UNITED STATES v. DRISCOLL.

### SAME v. SPIEGEL.

#### Nos. 12411, 12412.

District Court, D. Massachusetts.
Jan. 4, 1935.

Francis J. W. Ford, U. S. Atty., and John A. Canavan, Asst. U. S. Atty., both of Boston, Mass.

Richard S. Bowers, of Boston, Mass., for defendant Driscoll.

Robert T. Bushnell, of Boston, Mass., for defendant Spiegel.

BREWSTER, District Judge.

These criminal cases are before the court on demurrers to the indictments. The indictments are identical, except as to the allegations of the amounts involved. In the first count, each defendant is charged with failure to comply with section 3 of the executive order of the President (No. 6260), issued August 28, 1933 (12 USCA § 95 note), pursuant to section 2 of the Act of Congress passed March 9, 1933 (48 Stat. 1 [12 USCA § 95a]).

Section 2 of the act amending the Act of October 6, 1917 (40 Stat. 411), provided in substance that during any period of national emergency the President was empowered to investigate, regulate, or prohibit, under rules and regulations prescribed by him, the hoarding of gold coin or bullion. The section further provided penalties for violation of any such rules or regulations.

The executive order of August 28 required every person in possession of or own-ing gold coin, with immaterial exceptions, to return, under oath, within fifteen days from the date of the order, complete information relative thereto, including the amount and kind of such coin.

The order further provided that a return by the owner shall be deemed an application for the issuance of a license to hold such coin under section 5 of the executive order (No. 6260).

In the second count, each defendant is charged with owning, or the possession of, gold coin after thirty days from the date of the order, in violation of the provisions of said section 5 and regulations promulgated thereon.

It will be convenient to first consider the demurrer to the second count.

In the case of United States v. Campbell (D. C.) 5 F. Supp. 156, 175, a similar charge in an indictment was held demurrable on the ground that the fifth section of the executive order was not authorized by the act, inasmuch as it amounted to a requisition of gold coin and bullion, a power which Congress had conferred on the Secretary of the Treasury by section 3 of the act (12 USCA § 248 (n). In the course of his opinion the learned District Judge stated:

"It seems to me that authority to regulate or prohibit an act such as hoarding, or the continuance thereof, cannot be considered to authorize the requirement of section 5 of the Executive Order that the owner of the gold must yield up his interest therein and title thereto. That requirement is neither a regulation nor a prohibition, but a requisition. It must always be remembered that the power to requisition gold bullion delegated by Congress was lodged only in the Secretary of the Treasury under section 3 of title 1 of the Act of March 9, 1933, and not in the President under section 2 thereof, and that the Secretary of the Treasury has not acted yet under the powers so given to him which I have above found to have been inherent in the currency power of Congress."

The United States attorney is unable to accept this conclusion of Judge Woolsey. His argument may be summed up in the following statement: "There is no controversy but that Congress gave the President the right to prohibit the hoarding of gold. If requisition is necessarily incidental to prohibition, then the right to make a requisition comes necessarily within the right to prohibit."

I am somewhat inclined to agree that Congress did not intend to confer upon the President authority to make a requisition of gold. If Congress had so intended, it is difficult to understand why, in the same act, it should have deemed it necessary to have conferred a like power upon the Secretary of the Treasury.

But, if we accept as sound the argument of the United States attorney, it does not follow that the power of requisition could be exerted by the executive branch in disregard of the inhibitions of the Fifth Amendment against taking private property for public uses without just compensation. West v. Lyders, 59 App. D. C. 122, 36 F.(2d) 108, 110.

 To prevent the further requisition of gold, or to provide for its exchange as was done in the earlier executive order of April 6, 1933 (revoked by the order of August 28), might be held to be a proper exercise of the power, but to condemn as criminal all who failed to yield up valuable property rights, lawfully acquired, without providing for just compensation, is not only requisition, but unlawful requisition. Obviously, the right to prohibit hoarding of gold would not extend to confiscation of private property, assuming, as we all may, that such property is affected with a public interest.

The demurrer to the second count is sustained.

As to the first count, I have no doubt respecting the power of Congress under the grant, contained in section 8 of article 1 of the Constitution, to delegate to the President authority to promulgate the third section of his executive order of August 28, requiring a return, by individuals holding gold coin, of complete information relative thereto. I am in accord with the Campbell Case in upholding the act of March 9, 1933, as a proper exercise of congressional powers and in regarding section 3 of the executive order of August 28, 1933, as a proper exercise of the powers conferred upon the President by the statute.

The authorities upon which the learned District Judge based his conclusions are so thoroughly canvassed in his opinion that it is not necessary to do more than refer to it for a collection of cases supporting the above conclusions.

The defendants argue that the provision of said section 3, to the effect that the returns by owners of gold coin shall be deemed an application for a license under section 5, renders section 3 null and void in its entirety, and therefore a failure to comply constituted no violation for which they can be called to account. This argument I do not regard as sound.

In the first place, the powers conferred upon the President to regulate and prohibit the hoarding of gold might very properly authorize the granting of licenses within a restricted sphere, but, assuming that such licenses were unauthorized, the provisions of section 3 would then become merely surplusage. This would not render ineffective or unlawful the requirements for a return.

The demurrer to the first count is overruled.