LYDERS v. ICKES et al.
No. 6522.

United States Court of Appeals for the District of Columbia.

Decided April 27, 1936.

C. F. R. Ogilby, of Washington, D. C., for appellant.

Nathan R. Margold, of Washington, D. C.. Frederick Bernays Wiener, of Providence, R. I., and Jackson E. Price, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, plaintiff below, filed a bill in equity in the Supreme Court of the District of Columbia to restrain defendants from carrying into effect their decisions concerning the disposition of Whaler Island, located in Crescent City Bay, Del Norte county, Cal. From a decree dismissing the bill, this appeal was taken.

On January 6, 1927, plaintiff filed "Valentine scrip" in the local land office at Sacramento, Cal., selecting Whaler Island as unoccupied and unappropriated public land of the United States. On January 28, 1927, the President withdrew this island from settlement, sale, location, entry, or other form of appropriation, subject to existing rights, pending classification and legislation under authority of the Act of Congress of June 25, 1910 (36 Stat. 847), as amended by the Act of August 24, 1912 (37 Stat. 497 [43 U.S.C.A. § 142]).

On February 12, 1927, acting under the same authority, the President withdrew the island "in aid of legislation and in connection with the improvement of the harbor at Crescent City, California." On March 4, 1927, Congress passed an act (44 Stat. 1845) authorizing the Secretary of the Interior to patent the land in question to the county of Del Norte for the purposes of a public wharf, and directing him to take the necessary steps to carry out the purposes of the act. Thereafter the Commissioner of the General Land Office rejected plaintiff's selection, which action was affirmed by the Secretary.

Plaintiff then obtained an injunction in the Supreme Court of the District of Columbia, restraining the Secretary and the Commissioner from canceling his selection, and from issuing a patent to Del Norte county, "pending final determination by the defendants of the rights of the plaintiff to the said Island." Defendants were further enjoined to give full legal force and effect to plaintiff's selection and location, and in disposing thereof to exclude from consideration the executive orders of January 28 and February 12, 1927, as well as the Act of Congress of March 4, 1927. On appeal this court affirmed the decree. West v. Lyders, 59 App.D.C. 122, 36 F.(2d) 108.

Later plaintiff filed another suit in the Supreme Court of the District, charging that the Secretary and the Commissioner were threatening to cancel his selection and issue a patent to Del Norte county without according him a hearing. Defendants answered, stating that, long prior to the date of plaintiff's selection, certain reports were made through the War Department in respect of the development of Crescent City Harbor, and the advisability of the use of Whaler Island in connection therewith; that by the Act of July 18, 1918 (40 Stat. 904, 910) improvement of the Crescent City Harbor was authorized "under plans, which the defendants are informed and believe contemplated the use of Whaler Island as a terminus of a sand jetty connecting with the shore, for the purpose of protecting the inner harbor."

An injunction was issued against the defendants in substantially the same terms as in the former suit. On appeal the decree was affirmed by this court. Wilbur v. Lyders, 61 App.D.C. 202, 59 F.(2d) 877, 878. In our opinion we said:

"These assertions raise issues of fact with nothing offered in support thereof excepting an ex parte ruling of the department. These facts, if established in an orderly proceeding before the Secretary in a contest of plaintiff's entry, and in accordance with the rules of practice of the department, might constitute the equivalent of such a withdrawal of Whaler Island from the public domain as to exclude it from the right of entry, even by the use of Valentine Scrip; but, before plaintiff's filing can be canceled, or patent issued, he is entitled to a hearing, as was commanded by the decree in the former case. His filing is a valid one that can only be assailed through a proper contest or protest proceeding in which he is accorded full right to be heard, with the privilege of answering these averments, in order that a proper record may be made upon which the Secretary can intelligently predicate a decision."

The Commissioner of the General Land Office accordingly ordered a hearing to be had before the Register of the United States Land Office at Sacramento, Cal., upon the issues raised in a protest filed against plaintiff's selection, and also upon the issues raised in the second suit for injunction filed by plaintiff in the Supreme Court of the District. A hearing was duly had before the Register at which all interested parties were represented by counsel except plaintiff, who appeared in person. Both oral and documentary evidence was introduced on behalf of all parties except plaintiff, who offered no evidence other than a survey plat. Plaintiff, however, cross-examined the witnesses of the other parties. Arguments and briefs were submitted, and on July 1, 1933, the Register rendered an opinion in which he recommended that plaintiff's selection be rejected. The Register found that "from the inception of the general plan for the improvement of Crescent City Harbor by the United States, Whaler Island did, and now does, constitute an important part of the completed project which is shown to be seventy-nine per cent completed by the annual report of the Chief of Engineers, U. S. Army for 1931, and that the land, therefore, was not unappropriated public land of the United States on the date the scrip application was filed"; and that "the major portion of the rock necessary for the completion of the breakwater to the point planned for its completion can be economically obtained from Whaler Island and

that the rock is of suitable quality and density."

Plaintiff appealed to the Commissioner of the General Land Office. The Commissioner, in a somewhat lengthy opinion, sustained the Register in holding that Whaler Island had been appropriated to a public use prior to the date of plaintiff's filing. From this decision plaintiff prosecuted an appeal to the Secretary of the Interior, assigning as error the action of the Commissioner "in holding that Whaler Island at the date of selection was not public land subject to disposition under the public land laws of the United States." The Secretary, in a comprehensive opinion, affirmed the decision of the Commissioner.

Plaintiff then filed the present suit in the Supreme Court of the District, seeking to compel the Secretary and the Commissioner to set aside their decisions concerning his selection of Whaler Island, to enjoin them from canceling that selection, and from issuing to Del Norte county or any person other than himself a patent to Whaler Island. Defendants moved to dismiss plaintiff's bill; their motion was granted, and from the decree the present appeal was taken.

The parties disagree as to whether the question of appropriation is one of law, or of fact, or a mixed question of law and fact. Defendants contend that the question is one of fact and that, under the decision in Northern Pac. R. Co. v. McComas, 250 U.S. 387, 392, 393, 39 S.Ct. 546, 63 L.Ed. 1049, inasmuch as the Secretary has jurisdiction of the matter, his determination is conclusive and will not be inquired into by the courts. The McComas Case may be distinguished from the present case in that the appropriation there involved was based upon a physical entry and possession of lands, and the finding by the Land Office that there had been such physical entry and possession was a determination of a question of fact, and therefore conclusive.

In the case at bar, however, there is no contention that there has been any appropriation by physical entry or occupation. If defendants were contending that the government had, for example, quarried rock on Whaler Island for use in improving the harbor, or had erected the terminus of a breakwater upon the island, the finding of these facts would have been such a

determination as would be conclusive upon the courts. Defendants, however, contend that an appropriation took place by reason of an Act of Congress providing for the improvement of Crescent City Harbor in accordance with a certain report, which it is asserted indicates that Whaler gress.
Island was intended to be a part of the project. It is insisted that the island was appropriated to a public use by Act of Congress

The Secretary was required, in determining the issues presented, to interpret the Act of July 18, 1918 (40 Stat. 904, 910), which provides, among other things:

"The improvement of Crescent City Harbor is hereby authorized in accordance with the report submitted in House Document Numbered Four hundred and thirty-four, Sixty-fourth Congress, first session, and subject to the conditions set forth in said document."

Several reports appear in the document referred to. The Secretary was also required to determine as a question of fact whether the report referred to in House Document No. 434 embraced Whaler Island as part of the improvement project. We think that both the question of law involved in the interpretation of the statute, and the question of fact as to whether or not Whaler Island was included as a part of the improvement project, called for the exercise of the judgment and discretion of the Secretary to an extent which cannot be controlled by the courts. Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218, 219, 50 S.Ct. 320, 74 L.Ed. 809; United States ex rel. Riverside Oil Co. v. Hitchcock, 190 U.S. 316, 321, 323 et seq., 23 S.Ct. 698, 47 L.Ed. 1074.

The ambiguity of the statute and the involved nature of House Document No. 434, together with the care observed by the Secretary in according plaintiff a full hearing, the appeals which have been taken by plaintiff, and the painstaking and careful nature of the decisions rendered by the Secretary and his subordinates in the Department of the Interior, negative the charge that their action was arbitrary and capricious.

The decree is affirmed.

ROBB, J., took no part in the decision of this case.