[S. F. No. 3030.  Department Two.—January 9, 1903.]

In the Matter of the Estate of JAMES N. WILEY, Deceased.
    MAUD C. WILEY, Administratrix, Appellant, v.
    SANTA ROSA BANK, Respondent.

ESTATES OF DECEASED PERSONS—JUDGMENT LIEN—SALE OF REALTY—
    PURCHASE BY LIENHOLDER—APPLICATION OF PAYMENT.—The
    holder of a valid judgment lien against the real estate of a de-
    ceased person has the right to petition for an order of sale of the
    real estate, and having become a purchaser at the sale, an order
    confirming the sale and authorizing the purchaser to apply the
    amount of the judgment claim in payment of the bid, after pay-
    ment of the expenses of sale, is authorized by sections 1569 and
    1570 of the Code of Civil Procedure.

ID.—EXECUTION NOT ESSENTIAL TO LIEN.—The levying of an execu-
    tion is not essential to the existence or continuance of the judgment
    lien, which continues for two years, whether or not execution has
    been taken out.  After the death of the judgment debtor no execu-
    tion could issue.

ID.—CLAIM AGAINST ESTATE — RECOVERY OF JUDGMENT — LIEN NOT
    LOST.—The presentation of a claim against the estate for the
    amount of the judgment, and the recovery of another judgment upon
    the rejected claim does not merge the original judgment, nor de-
    stroy its lien, especially where the lien is expressly reserved in the
    claim presented.

ID.—STATUTE OF LIMITATIONS—SUSPENSION BY PETITION.—Where the
    statute of limitations of two years had not expired when the peti-
    tion was filed by the judgment lienholder to sell the real property
    which was the subject of the lien, the filing of the petition had
    the effect to arrest the further operation of the statute.

APPEAL from an order of the Superior Court of Sonoma
County confirming a sale of real estate.  S. K. Dougherty,
Judge.

The facts are stated in the opinion.

J. R. Leppo, and Thomas J. Geary, for Appellant.

A. B. Ware, and W. E. McConnell, for Respondent.

CHIPMAN, C.—This is an appeal by the administratrix of
the estate of James N. Wiley, deceased, from an order con-

firming the sale of land situated in Kings County, to the Santa Rosa Bank. The facts necessary to an understanding of the points presented by the appeal are as follows: On October 7, 1898, the bank recovered judgment in the superior court of Sonoma County for $1,015.83, against James N. Wiley, and on October 8, 1898, by due proceedings under section 674 of the Code of Civil Procedure this judgment became a lien on the lands then and at the time of his death owned by Wiley, situated in Kings County; these lands were the subject of the sale above referred to. Wiley died intestate August 10, 1899, and letters duly issued, and on October 23, 1899, the bank, respondent here, presented its claim, as such judgment creditor, which not being allowed, the bank brought suit on its claim December 13, 1899, and recovered judgment in an action against the administratrix for $1,151.55, payable in due course of administration, and filed said judgment in the matter of the said estate. On August 28, 1900, the bank, as judgment creditor, proceeded under section 1530 of the Code of Civil Procedure, by petition in the probate court, to obtain an order of sale of said land, setting forth in said petition in much detail the condition of the estate and all the facts and proceedings by which it became a judgment creditor originally, and by which it obtained a lien on the said land, and the subsequent proceedings relating to filing its claim after the death of deceased, the rejection thereof, and subsequent judgment thereon,—in short, a complete history of the proceedings in the estate and the relation of the bank as creditor. In its petition the bank asked that the "administratrix be directed to sell said land to pay the claim and judgment lien of petitioner, and that this petitioner be authorized by said order to bid thereon, and apply the proceeds or amount of its bid therefor on the judgment petitioner obtained against said administratrix, or that such other or further order may be made as is meet in the premises." On November 14, 1900, the court made an order of sale pursuant to the petition, adjudging that the whole amount of unpaid claims against the estate was $1,479.35, of which the judgment of the bank amounted to $1,150.50; that there are no funds out of which to pay said claims; and that it is necessary to sell said lands for the purpose of paying petitioner's claim and other claims. The sale was ordered at public or private sale to the highest

and best bidder for cash. Notice of sale was duly given, and in the return it was reported that the sale was made on May 4, 1901, at which Edna M. Wiley "became the purchaser, for $1,100, she being the highest and best bidder."

It was also reported that the bank bid $1,145.55, "but added a proviso to their bid which your administratrix is advised renders the bid void. Said bid of the Santa Rosa Bank as aforesaid is herewith returned for the opinion of the court on its validity." The condition attached to the bank's bid was, that it "shall be required to pay the necessary expenses of the sale of said lands, and shall give a receipt for the amount of said purchase price, to be credited on the claim and judgment lien said bank has against said estate and property in payment of the same." On June 3, 1901, pending the hearing on the return of sale, the bank filed a petition in the said matter, praying that the proceeds of the lands sold be applied in payment of its alleged claims. At the final hearing of the return the administratrix took the position that the bank bid was properly rejected, because it was conditional, and because the bank claims the right to apply its bid in discharge of its claim and lien. The court in its order confirming the sale found that the bid of the bank was the highest and best bid; that the bank had a proved claim against the estate in an amount greater than the sum bid for the land by it; that "said claim is a valid lien upon said lands; . . . and that said bank had a right to bid for said lands, and to have the amount of its bid, less the necessary expense of sale, credited on its said claims by reason of its said lien upon said lands." The court thereupon confirmed the sale to the bank, and ordered a conveyance to be made to it as payment of its claim.

Appellant's contention is, that the bank obtained a general lien on the Kings County land, under section 674 of the Code of Civil Procedure, and this lien continued only two years, and expired by limitation October 8, 1900, and there was therefore no lien on November 19, 1900, when the land was ordered sold, nor when it was subsequently sold. It is urged that the lien cannot be restrained or extended by the court so as to take effect upon particular real estate (citing Freeman on Judgments, sec. 342); that the running of the lien cannot be stopped, except as provided in section 671 of the Code of

Civil Procedure. (*Isaac* v. *Swift*, 10 Cal. 81.[1]) It is further contended that the judgment first obtained by the bank, and which became a lien for two years on the land, was merged in the second judgment obtained against the administratrix, and the lien under the first judgment was thereby lost; that the judgment enforced by the court was this second judgment, under which no lien could arise. (Code Civ. Proc., sec. 1504.) It is contended also that a judgment is not a specific lien on any particular real estate of the judgment debtor, but is a general lien; that the only way it could have been made a specific lien was by levy of execution in decedent's lifetime, which was not done, and hence section 1505 of the Code of Civil Procedure, which only authorizes sale where execution is actually levied upon property of the decedent before his death, does not apply. Further, that this section sustains appellant's contention that all other judgments (i. e. where no execution has been levied), whether supported by general liens or not, are denied the right to resort to specific property, and are payable only in due course of administration out of the general assets of the estate, as provided in section 1643 of the Code of Civil Procedure, and that the priority given to judgments so obtained against the testator in his lifetime, as provided in subdivision 4 of that section, was in lieu of any superior right by general liens which such judgment creditor had acquired against the testator; that the creditor might have made his lien specific in the lifetime of the debtor by levy of execution, "and the penalty of his laches is the denial of his right to proceed further after the death of the judgment debtor,"—i. e. if the debtor had died the day after the lien attached it would be gone.

If the lien of the bank was not lost, the order confirming the sale and authorizing the bank to apply its claim in payment of its bid was clearly within the provisions of sections 1569 and 1570 of the Code of Civil Procedure. "At any sale, under order of the court, of lands upon which there is a mortgage or lien, the holder thereof may become the purchaser, and his receipt for the amount due him from the proceeds of the sale is a payment *pro tanto*." (Sec. 1570.) "The purchase money must be applied, after the necessary expenses of sale, first, to the payment and satisfaction of the mortgage

---

[1] 70 Am. Dec. 698.

or lien, and the residue, if any, in due course of administration.'' (Sec. 1569.) Did the death of the judgment debtor or the subsequent presentation of the first judgment as a claim against the estate, and obtaining a second judgment on this judgment claim, destroy the lien?

We do not quite see the force of appellant's distinction between a general lien and a specific lien as applied to this case. The statute does not deal with these two liens as separate and distinct. The relation of the judgment lienor to the property may be different in some respects after levy of execution, and new relations may arise thereby to the debtor and other creditors, but the lien spoken of in the statute embraces the ordinary judgment lien, whether or not execution has been taken out and levy made under it; it was not necessary to the lien that execution should issue. Decedent died within one year after the lien attached to the land in question; the lien continued two years from its inception, whether or not any execution had been levied. After the death of the judgment creditor no execution could issue (Code Civ. Proc., sec. 1505); and the same section required the creditor (the bank) to present its claim to the administratrix like any other claim, and, when rejected, the bank was compelled to bring suit on its judgment claim, and the judgment could only establish the claim in the same manner as if it had been allowed by the administratrix; ''the judgment must be that the . . . administrator pay, in due course of administration, the amount ascertained to be due'' (Code Civ. Proc., sec. 1504); and this section also provides that the judgment thus obtained shall create no lien, and no execution shall issue on it; nor shall the judgment give any priority of payment to the judgment creditor. The contention of appellant is, that in this condition of the law the only safeguard a judgment creditor has against the loss of his lien by the death of the judgment debtor is to promptly enforce his judgment by execution, failing in which he stands to lose his lien by his laches. Of course, if this be the law, it goes without saying that a judgment lien, unless forthwith enforced, is of little more worth than an unsecured claim, unless accompanied by an insurance policy on the life of the debtor. Such a lien, instead of being among securities of the highest character, becomes a security

of very doubtful and inferior order. To follow out the stat-
utes bearing upon the question would require some space, and
would lead only over the path blazed out with much clearness
in *Morton* v. *Adams,* 124 Cal. 229.[1] Appellant submits that
the case is not in point, as that "was an action to quiet title
and to relieve the land from a general lien," and is not sim-
ilar to the case here. The form or purpose of the action does
not affect the principles settled by the decision. The court
was called upon to determine the effect of a judgment lien
docketed before the death of the judgment debtor, Emiline
Wallace, who before her death had conveyed the land to
plaintiff, Morton, subject to the lien. After her death the
judgment was presented as a claim against her estate and al-
lowed. Morton brought the action to quiet his title as against
this judgment lien. The trial court found that the lien was
valid and existing upon the property, and the judgment was
affirmed here. It was claimed by plaintiff, as is claimed
here,—1. That the judgment ceased to be a lien on the death
of Emiline Wallace, the judgment debtor; and 2. That the
presentation of the claim as against her estate destroyed the
lien, if any existed. Both points were held against plaintiff's
contention upon a review and construction of the various
code provisions bearing upon the questions. To the point,
now strongly urged, that the allowance of the claim worked
a merger of the judgment and destroyed the lien, much atten-
tion was given, and the conclusion was reached that there was
no merger of the judgment lien, but that it continued, and
was not destroyed; that the presentation and allowance of the
judgment claim, to be paid in due course of administration,
is not inconsistent with the continuance of the lien; and it was
said that such a lien ranked with the recognized lien of a
mortgage, and is not released or affected by the death of the
judgment debtor pending the time limited by the statute for
the continuance of the lien. No difference is perceivable be-
tween the allowance of the claim by the administrator or the
court and the judgment of the court allowing the claim on
suit brought after its rejection; the judgment establishes the
claim the same as if it had been allowed. (Code Civ. Proc.,
secs. 1504, 1505.) Certainly the administrator cannot by re-
jecting the claim and compelling the creditor to establish it

---

[1] 71 Am. St. Rep. 53.

by suit take from the latter any right that would have attached to the claim had it been allowed without suit.

It seems to me that the only remaining question is, Did the lien of the bank exist at the time the land was ordered sold, November 19, 1900, two years and one month after the lien attached, or when sold, May 4, 1901? Wiley died in August, 1899; the administratrix was appointed in September, and on the twenty-first day of that month published notice to creditors to file their claims within four months, and in October filed her inventory. On October 23, 1899, the bank presented its claim for allowance, and the administratrix neglecting or refusing to act upon it, the bank brought action on the claim December 7, 1899, and obtained judgment, which was duly docketed, and thereafter, on June 28, 1900, was filed among the papers in said estate. When, therefore, the judgment claim was filed the two years' limitation of the statutory lien of the original judgment had not expired, and no laches could be imputed to the bank, for it proceeded as promptly as it well could. In its claim presented to the administratrix it claimed not only the amount due on the original judgment, but also the lien which then subsisted in its favor. The court could not in its second judgment enforce the lien, for the statute expressly provides what the judgment shall be, which is no more nor less than an allowance of the claim to be paid in due course of administration. If a sale of the land had been made and completed to the point of confirmation before the expiration of the two years from the inception of respondent's lien, *Morton* v. *Adams,* 124 Cal. 229,[1] would be decisive of the question. It was the duty of the administratrix to petition for the sale of the land, as the only remaining property of the estate, at least within a reasonable time after the bank claim was perfected and filed. Failing to move in the matter, the bank filed its petition for a sale of the land on August 31, 1900, which was nearly two months before its statutory lien would expire by limitation. Notice of the hearing was duly given, and the administratrix demurred to the petition, which demurrer was overruled and the petition granted November 19, 1900. It is needless to pursue the subsequent steps culminating in the sale and order of confirmation already set forth. The bank did all that could

[1] 71 Am. St. Rep. 53.

reasonably be expected of it, and about all that was possible for it to do in order to realize the fruits of its lien within the two years' limitation.

Section 1569 of the Code of Civil Procedure provides that "no claim against any estate, which has been presented and allowed, is affected by the statute of limitations, pending the proceedings for the settlement of the estate," and it is argued by respondent that the same protection is necessarily by the statute given to the lien which is given to the claim secured thereby. It is not necessary to decide the question. The petition to sell the land to enforce payment of the bank's claim and lien was filed before the two years' limitation had expired, and had the effect to arrest its further operation, even if it be conceded that it was running against the lien.

The order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.    Henshaw, J., McFarland, J., Lorigan, J.