[Civil No. 2898.   Filed July 15, 1930.]

[289 Pac. 989.]

In the Matter of the Estate of PASCHAL SLAUGHTER, Deceased.   FIRST NATIONAL BANK OF ALBUQUERQUE, NEW MEXICO, a National Banking Corporation, Appellant, v. GRACE SLAUGHTER, as Administratrix of the Estate of PASCHAL SLAUGHTER, Deceased, Appellee.

Messrs. Favour & Baker, for Appellant.

Mr. Dodd L. Greer, for Appellee.

ROSS, J.—The appellant, First National Bank of Albuquerque, New Mexico, hereafter referred to as the bank, claiming that there was due it an unpaid balance of $1,608.56 on a judgment against Grace Slaughter, as administratrix of the estate of Paschal Slaughter, petitioned the court, sitting in probate, to require and direct her to pay said balance out of the estate or as one of the distributees of said estate. The administratrix moved to dismiss the petition on the grounds (1) that the estate had no assets, it having been theretofore distributed to the heirs at law, and (2) that the court was without jurisdiction to order her as a distributee to pay said claim, because she was only one of the distributees. The court, upon a hearing of the petition and motion to dismiss, ordered the petition dismissed "upon the ground (not made in motion) that the court has no power to require the heirs to contribute in view of the fact that the creditor (bank) has acquiesced in the limited amount set aside

for the taking care of the indebtedness'' (judgment). From this latter order or judgment the bank has appealed.

The facts as they appear of record are as follows: In March of 1926, Grace Slaughter, as administratrix, filed her final account for approval and asked that a decree and order of distribution be entered. At the time there was pending in the courts an action wherein the appellant was plaintiff and Grace Slaughter, as administratrix of the estate of Paschal Slaughter, was defendant, said action being one to recover judgment upon a promissory note of the deceased for the sum of $2,900, with interest at 8 per cent., and attorney's fees, and to establish the claim as a proper one against the assets of the estate. The pendency of this suit was by the bank called to the attention of the court and the final distribution was protested by the bank unless security be posted to pay the bank in the event it should recover judgment. An order and decree of distribution was made, however, but with these conditions:

'' . . . And the court having refused to enter an order of distribution until a bond or other security was given to satisfy any judgment that might be recovered against said estate, and the said administratrix having on the 16th day of September, 1926, deposited in this court and with the clerk hereof, the sum of Twenty Nine Hundred ($2900.00) Dollars in lieu of bond; . . . etc.

''It is further ordered, that upon the final determination of the suit brought by the First National Bank of Albuquerque, New Mexico, against Grace Slaughter, as administratrix of said estate, that an order will issue herefrom finally discharging her as such administratrix.''

All of the property of the estate was distributed to the heirs at law, one of whom was the administratrix, except the $2,900 which was deposited with the clerk of the court under the court's order. Later

the bank recovered judgment on the note against the administratrix for the sum of $2,900, together with interest at 8 per cent. per annum from October 28, 1923, until paid (less the sum of $154.56), together with 10 per cent. of the amount due as attorney's fees, and costs. Such accrued interest, attorney's fees, and costs, amounting to $1,608.56, added to the principal of the note made $4,508.56, for which judgment was entered. After such judgment became final, the bank petitioned the court to direct the clerk of the court to turn over to it the deposit of $2,900. This petition was resisted by the administratrix and all of the distributees. At the hearing of the petition and the opposition thereto, the court ordered the clerk to turn over the $2,900 deposit to the bank ''as part payment thereof,'' which the clerk did.

The controversy is over the right of the bank to be paid the balance of its judgment. There is no question but that its judgment amounted to the sum of $4,508.56 and that it has been paid thereon only $2,900, the amount of the deposit. It appears that the estate when distributed was worth about $30,000. If it had not been distributed, the administratrix would have had ample assets to take care of the balance of the judgment. The trial court took the view that because appellant accepted the $2,900 deposited to care for any judgment which it might obtain, and because appellant received and accepted such sum it waived any excess and was estopped to claim the balance of its judgment. The order of distribution, as a reading thereof shows, did not provide in terms that the $2,900 deposited with the clerk was the only source of payment of any judgment the bank might recover, or that if the bank accepted such sum it would be a full acquittance. As a matter of fact, the deposit at the time it was made was about equal to the amount owing on the note. The excess of $1,608.56 is the accrued interest, costs, and attorney's fees, occasioned

through the subsequent litigation contesting the note, running over a period of some four years.

As is well said by appellant in its brief, no one would claim that the bank, had it recovered judgment for only $1,000, could claim under the order of the court made in the distribution decree that it was entitled to the deposit of $2,900, but such claim is just as tenable as the one made, that because it accepted the deposit it waived any excess. The court in its subsequent order directing the clerk to pay the bank the deposit of $2,900 "as a part payment thereof" did not give to the order in the decree of distribution directing the deposit the effect of a determination that the $2,900 was to be in full satisfaction of any judgment the bank might obtain; it treated such deposit as a security. The application of the security on the debt only satisfied the latter *pro tanto*. The bank is entitled to be paid from the estate any balance left after the application of the deposit and is no more estopped to claim such balance than any creditor would be who accepts from his debtor a partial payment on his claim. The order of distribution did not discharge the administratrix but provided "that upon the final determination of the suit" such order would be made. This order is not as definite and clear as it might be, but we think it evidently means that the suit would not be finally determined until it settled whether the estate owed the bank or not, and, if it did owe the bank, not until the judgment was satisfied. Subsequent events confirm the correctness of this conclusion, in that the $2,900 paid to the bank was "part payment" only; and, further, the record fails to show that the administratrix has ever been finally discharged.

But, granting that the bank was entitled to be paid such balance, the question is has it pursued the statutory procedure to obtain such balance. The judgment to establish the bank's claim reads:

"Wherefore, it is ordered, adjudged and decreed, that the claim of the plaintiff is a valid and enforceable claim and debt due from the estate of Paschal or Pat Slaughter and from the defendant as his administratrix in favor of the First National Bank of Albuquerque, New Mexico, plaintiff herein, and that the plaintiff do have and recover from the defendant the sum of $2900, together with interest at 8% per annum from October 26, 1923, until paid, less the sum of $154.56, together with an amount of 10 per cent of the amount due, as attorneys' fees, and that plaintiff recover its costs herein incurred."

Section 3993 of the Revised Code of 1928 provides that such a judgment "establishes the claim in the same manner as if it had been allowed by the executor or administrator and the judge, and the judgment shall be, that the executor or administrator pay, in due course of administration, the amount ascertained to be due."

Said section also provides that "a certified transcript of the judgment must be filed in the court." It will be noted that the judgment does not direct its payment in due course of administration. The record also fails to show that a certified transcript of the judgment was ever filed with the administratrix.

Section 3993 is a practical rescript of section 1504, Code of Civil Procedure, California. In construing this section, the California courts have held that the judgment must provide that it be paid by the defendant in due course of administration, and that such provision is mandatory. 11 Cal. Jur. 823, § 488. The judgment is a voucher that furnishes protection to the administratrix in its payment, but it gives no priority and carries with it no means of security or coercive payment. No execution may issue upon it nor does it create any lien upon the property of the estate or give to the judgment creditor any priority of payment. *Estate of Wiley,* 138 Cal. 301, 71 Pac. 441; *Myers* v. *Mott,* 29 Cal. 359, 89 Am. Dec. 49.

It appears that the bank has not pursued the statutory remedy—in failing to have its judgment provide for its payment in due course of administration, also, in not filing a certified transcript of the judgment with the court. In other words, while the judgment established the bank's claim against the estate it did not direct the manner of its payment nor did the bank, as the statute requires, file such established claim with the court. Such being the condition of the record, while we are satisfied the reasons assigned by the court in its refusal to direct the administratrix to pay the claim were erroneous, the result was correct.

We wish to add that we think the appellant is not without remedy. It may apply to the court, in the case of *First National Bank of Albuquerque* v. *Grace Slaughter, as Administratrix,* for permission to amend the judgment to make it payable out of the estate in due course of administration, 11 Cal. Jur. 823, §§ 488, 489, 490, and thereafter file with the court a certified transcript of the judgment as is provided by the statute. If, and when, this is done, appellant will be in a position to ask the court to order the administratrix to pay the balance of its judgment, or to pursue by proper remedy the distributees of the estate.

Because the judgment establishing appellant's claim does not provide for its payment in due course of administration, and because the record fails to show such judgment was ever filed in the probate proceedings as a claim against the estate, the order and judgment of the lower court will have to be affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.