[Civil No. 3228.  Filed October 2, 1933.]

[25 Pac. (2d) 276.]

M. B. DUDLEY and DAISY M. DUDLEY, His Wife, Appellants, v. VARRO PETERSON, Appellee.

Mr. Charles P. Elmer, for Appellants.

No appearance for Appellee.

LOCKWOOD, J.—Varro Peterson, hereinafter called plaintiff, brought suit against M. B. Dudley and Daisy M. Dudley, his wife, hereinafter called defendants, on two causes of action, the first being one of debt on open account for money alleged to have been loaned by plaintiff to defendant M. B. Dudley for the benefit of the community, and the second on a promissory note dated and payable in Los Angeles, California, alleged to have been executed by

both defendants. The original complaint was filed May 17, 1930, and shortly thereafter there were issued and served two writs of garnishment, one directed against Pilgrim Consolidated Mining Company, a corporation, and the other against Katherine Treasure Vault Gold, Inc., a corporation, hereinafter called the garnishees. The garnishees promptly answered, showing that defendant M. B. Dudley had had issued to him certain shares of stock in each corporation, but that they had no means of knowing whether he was at the time of the service of the writ still the owner thereof. No process had been served in any manner on either of defendants, but on September 2d they appeared specially, objecting to the jurisdiction of the court and moving to quash the writs of garnishment aforesaid, which motion was denied. At a later date the court held that defendants had by this action in effect entered a general appearance, and on April 9, 1931, required them to answer the complaint within ten days. Defendants thereupon, in compliance with such order, but expressly reserving their jurisdictional objections, did answer, setting up a plea in abatement on the grounds of lack of jurisdiction and a confession of the execution of the promissory note involved in the second cause of action, but denying personal liability thereon on the ground that it was made and payable in California and secured by real estate in that state, and that plaintiff had made no effort to exhaust such security prior to the commencement of the action. The allegations of the first cause of action were also denied *in toto*.

On April 18th defendant M. B. Dudley was served personally and properly with a copy of the summons and complaint. Defendant Daisy M. Dudley was never served in any manner, nor did she enter any appearance, except in so far as the foregoing recitals may show one.

The case was tried to the court without a jury on the thirty-first day of July, 1931, on the issues raised by the amended complaint and the answer filed by order of the court, and judgment was rendered on the twelfth day of September, 1931, against M. B. Dudley on the first cause of action as a community liability and against both defendants on the promissory note involved in the second cause of action. There was further an order for a foreclosure of the garnishment liens hereinbefore described and for the usual deficiency judgment. From said judgment and the order overruling the motion for new trial this appeal is taken.

Defendants properly perfected the appeal and filed their brief in support thereof, but the plaintiff has wholly failed to appear or file any answering brief. There are some nine formal assignments of error, but defendants have very properly, in accordance with the rules of this court, presented the same in accordance with the legal propositions raised thereby, and we consider them in the same manner. The first question involved is whether or not the appearance made by defendants for the purpose of vacating the writs of garnishment conferred jurisdiction to hear and determine the main action. We think the rule under such circumstances is well laid down by the Supreme Court of the United States in the case of *Davis* v. *Cleveland etc. R. Co.*, 217 U. S. 157, 30 Sup. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907, as follows:

" . . . A court, without personal service, can acquire no jurisdiction over the person, and when it attempts to assert jurisdiction over property, it should be open to the defendant to specially appear to contest its control over such property; in other words, to contest the ground of its jurisdiction"— (citing cases).

It is true that a contrary rule has been adopted in some states, but the rule just quoted is upheld in the majority of the adjudicated cases, and we think it is most consonant with the general principles governing jurisdiction. No jurisdiction was therefore conferred upon the court to determine the main issues and to render a personal judgment against defendants by their appearance for the purpose of quashing the writs of garnishment. Nor was jurisdiction conferred by the answer filed by defendants under the express order of the court of April 9, 1931. It would be unjust to deny to defendants who honestly believe that the court has no jurisdiction, and who have raised that question in the proper manner, the right to answer and defend on the merits, unless they waive their jurisdictional objection, and, if we hold that their answer filed under the specific order of the court is a general appearance, we would in effect deny them the right of presenting the objection which they have always urged most strenuously. We are therefore of the opinion that the answer filed under the order of the court, even though it went to the merits, would not confer jurisdiction of the person of defendants. Such being the case, the personal judgment against defendant Daisy M. Dudley was erroneous, and must be reversed.

But before the trial of the case defendant M. B. Dudley was properly served with process. This, of course, conferred personal jurisdiction upon the court from that date so far as he was concerned. On the thirty-first day of August, therefore, it had jurisdiction to proceed to trial against defendant M. B. Dudley and to render judgment against him.

But it is urged that it had no jurisdiction of the subject matter of the second cause of action, for the reason that the note involved therein was made and is payable in California, and the record shows affirm-

atively that it was secured by a realty mortgage on property in that state. Ordinarily speaking, the taking of collateral security for the payment of a debt does not oblige the creditor to look to the security only or primarily for payment, and a creditor holding a note secured by a mortgage may ignore his security and bring an action on the note. *Rogers* v. *Ward,* 8 Allen (Mass.) 387, 85 Am. Dec. 710; *Page* v. *Ford,* 65 Or. 450, 131 Pac. 1013, 45 L. R. A. (N. S.) 247, Ann. Cas. 1915A 1048. In California, however, there is a special statute on this subject, and the Supreme Court of that state has held that, where a note is secured by a mortgage, the creditor must bring suit to foreclose the mortgage and may not waive his mortgage and sue on the indebtedness alone. *Barbieri* v. *Ramelli,* 84 Cal. 154, 23 Pac. 1086. However, in the later case of *Hibernia Savings & Loan Soc.* v. *Thornton,* 109 Cal. 427, 42 Pac. 447, 50 Am. St. Rep. 52, the same court, while affirming the doctrine laid down in *Barbieri* v. *Ramelli,* says:

" . . . It may be that if the mortgagor's title to the land has become extinguished subsequent to the making of the mortgage, by title paramount, . . . the mortgagee need not go through the idle form of bringing an action for foreclosure before he can have a judgment on the note. . . . "

Assuming, without deciding, that the California statute goes to the right and not to the remedy, and that therefore we are bound by its provisions in an action on a promissory note made and payable in the state of California, we think that, since the record in this case shows affirmatively that a prior mortgage on the same property mortgaged as security for the note involved herein was foreclosed before the bringing of this action and the mortgagors' title to. the property thus defeated, so that the bringing of an action of foreclosure by plaintiff herein would have been, as suggested by the Supreme Court of

California, merely an idle form, the general rule applies, and this action on the note gave the superior court of Mohave county jurisdiction of the subject matter.

The only remaining contention is that the evidence shows that the money alleged in the first cause of action to have been loaned by plaintiff to defendants was as a matter of fact loaned by a partnership composed of plaintiff and one De Valye, and that proof of this fact will not sustain the allegations of the complaint in regard to the first cause of action. We have examined the record, and the most that can be said is that it is somewhat ambiguous on the question of whether the money which plaintiff testified was loaned to defendant Dudley was entirely his own funds or part of those of the partnership above described. But, assuming for the sake of argument, that all the funds so loaned were partnership funds, is there reversible error on this point? It is, of course, true that in any case the pleadings and the evidence must agree, but it frequently happens that, when there is a variance which can be corrected by amending the pleadings, such amendment is made by leave of the court almost as a matter of course, and the case properly goes to judgment on the amended pleadings and the evidence. In this case no request to amend the pleadings was made nor was any amendment ever tendered, and, therefore, if the trial court found that the money involved in the first cause of action was in fact loaned by the partnership, it was erroneous to render judgment against defendant Dudley until the pleadings were amended to conform with the evidence. The effect, however, of a reversal of the case on this point would merely be that at a new trial a request for leave to amend would doubtless be made and granted, and, since there is no conflict in the evidence as to the loan itself or a suggestion that different evidence would be offered at

a new trial, the ultimate result would be the same. We think this is a case for the application of article 6, section 22, of the Constitution, and that the alleged error, even if it exists, is not of a reversible nature.

This concludes a consideration of all the questions necessary for a determination of the appeal. For the foregoing reasons, the judgment is reversed as to the defendant Daisy M. Dudley and remanded, with instructions to dismiss the action as to her on both counts, and is affirmed as to defendant M. B. Dudley. Defendant Daisy M. Dudley will recover her costs herein.

ROSS, C. J., and McALISTER, J., concur.