[Civil No. 3534. Filed November 12, 1935.]

[51 Pac. (2d) 259.]

JOHN H. HULSEBUS, Appellant, v. RUTH ESTHER McCONNELL, Formerly RUTH ESTHER VOSHALL, Appellee.

Messrs. Hummel & Hummel, for Appellant.

Mrs. Rose S. Silver, Mr. Joseph H. Shifman and Mr. Jacob Morgan, for Appellee.

LOCKWOOD, C. J.—Ruth Esther McConnell, hereinafter called plaintiff, filed a suit in ejectment in the superior court of Pima county against John H. Hulsebus, hereinafter called defendant. After various preliminary pleas, demurrers, and motions were disposed of, the case was heard on the merits before the court and judgment was finally rendered in favor of plaintiff, whereupon this appeal was taken.

There are some eight assignments of error which we shall consider as seems advisable. The evidence presented to the trial court in support of the respective claims of plaintiff and defendant is not all before us. We are therefore compelled to assume that it was sufficient to support the judgment of the court, and are confined to reviewing the assignments which raise questions of law in regard to the sufficiency of the pleadings. *Ensign* v. *Koyk,* 31 Ariz. 1, 250 Pac. 246; *Wooster* v. *Scorse,* 16 Ariz. 11, 140 Pac. 819. In order that we may do this, it is necessary to state briefly of what these pleadings consisted.

The complaint alleges, in substance, as follows:

"That on the 5th day of May, 1933, the plaintiff was lawfully in possession of, and had title to, as a homestead entry-woman under the laws of the United States of America, the following described real property, situate and being in the County of Pima, State of Arizona, to-wit: The Southeast One Quarter (S. E. 1/4) of the Northwest One Quarter (N. W. 1/4) of Section Three (3), Township Thirteen (13), South, Range Twelve (12) East, G. & S. R. M.

"That ever since that date plaintiff has been, and now is, entitled to the possession of the said described land and premises, and that ever since said date she has held, and now holds, title thereto as such homestead entry-woman; that from and after said date plaintiff was entitled to the possession of said land and premises.

"That on the said 5th day of May, 1933, and while plaintiff was in such possession of, and entitled to the possession of, and had title to, the said described land and premises as such entry-woman, all as aforesaid, defendant wrongfully and unlawfully detained possession of a portion of said land and premises with the improvements thereon and ousted the plaintiff therefrom, and now wrongfully and unlawfully withholds the possession thereof from plaintiff, to her damage, in the sum of Two Hundred Fifty Dollars & no/100 ($250.00)."

To this complaint defendant filed a plea in abatement, a general demurrer, a general denial, and a cross-complaint. The plea was stricken on motion, and this action of the trial court is the basis of the first assignment of error. The vital portion of the plea reads as follows:

"That the tract of land referred to is domain of the United States, subject to the right of Entry under the Agricultural Land Laws of the United States, and the right of preference or priority to Entry, between the plaintiff and this defendant is now pending in the Department of the Interior."

This is apparently an attempt to set up a prior suit pending. It is the theory of defendant that when a contest over the right of entry of government land is pending in the land office, the state courts have no jurisdiction over the land or any claims to it, but must await a final determination of the contest in the land office. In support of this, he cites the case of *Northern Pacific Ry. Co.* v. *McComas,* 250 U. S. 387, 39 Sup. Ct. 546, 548, 63 L. Ed. 1049. Plaintiff, on the other hand, insists that the case cited by defendant supports her contention that notwithstanding there is a contest over the right of entry in the land office, the state courts have full jurisdiction to determine the right of possession of the land, pending the decision in the land office. We are of the

opinion that the case cited settles this particular issue in favor of plaintiff. We quote the following language therefrom:

"It is settled that in such a situation the courts may not take up the adjudication of the pending claims, but must await the decision of the land officers and the issue of patents in regular course. [Citing cases.] There is, however, a related jurisdiction which the courts may exercise pending the final action of those officers; they may protect a possession lawfully acquired or restore one wrongfully interrupted, for that is a matter which is not confided to the Land Department and may be dealt with by the courts in the exercise of their general power. *Gauthier* v. *Morrison,* 232 U. S. 452, 461, 34 Sup. Ct. 384, 58 L. Ed. 680 [685]."

It will be seen on examining the complaint that plaintiff's action is based solely on the right of possession and not of title. Such being the case, we think it comes squarely within the rule laid down in the McComas case, as above set forth, and that the state court had full jurisdiction to proceed to try the right of possession, notwithstanding the land office contest set up in the plea in abatement.

 It is perhaps true that the proper method of disposing of the plea was by a demurrer thereto rather than by a motion to strike, but since the plea did not set up a defense to the action, and the correct result was reached by sustaining the motion to strike, we think the error, if any, was harmless, and that it is immaterial as to just how the result was reached. *Dudley* v. *Peterson,* 42 Ariz. 282, 25 Pac. (2d) 276; *In re Estate of Slaughter,* 37 Ariz. 124, 289 Pac. 989.

 The next question is as to the general demurrer to the complaint. It is unnecessary to discuss this at great length. The complaint, in substance, alleges that the plaintiff was lawfully in

possession of the land in question and was entitled to the possession, and that while she was in such possession and entitled thereto, the defendant unlawfully detained possession of a certain portion of the land. We think this clearly sets up a cause of action under section 4361, Revised Code 1928, which reads in part as follows:

"§ 4361. *Pleadings; landlord substituted for tenant.* The complaint may state generally that the plaintiff is entitled to the possession of the premises, describing them, also the quantity of his estate and the extent of his interest therein, and that the defendant unlawfully keeps him out of possession, and the damages, if any, which he claims for withholding the same."

While it is true that the complaint not only alleges possession and right of possession but title also, the question of title was not tried out in the action, the allegation being made merely to show the quantity of the estate claimed by the plaintiff. The whole action is possessory in its nature and does not determine the title, that by our practice being adjudicated in an action to quiet title under sections 4356–4358, Revised Code 1928. The court properly overruled the demurrer to the complaint.

This left the case at issue upon the complaint and answer, the cross-complaint, and plaintiff's answer to the latter. The cross-complaint sets up the defendant's possession by forcible methods, the prayer being for an injunction against plaintiff for her alleged unlawful acts. Under the most liberal construction, it is simply a claim that the defendant is in possession of and entitled to the possession of the premises. Such being the case, the court properly heard the case on its merits. As we have stated, since the entire evidence is not before us, we must assume that the court's determination of the vital issue of right of possession in favor of plaintiff was

sustained by the evidence. It is not necessary to discuss the other assignments of error.

The judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.