[Civil No. 4029. Filed January 9, 1939.]

[86 Pac. (2d) 25.]

In the Matter of the Estate of EDWARD BURT PERRIN, Deceased. EDWARD B. PERRIN, Jr., Appellant, v. SHERMAN HAZELTINE, Administrator, Appellee.

Mr. E. R. Byers and Mr. Urban R. Miller, for Appellant.

Mr. T. J. Byrne, for Appellee.

LOCKWOOD, J.—This is an appeal by Edward B. Perrin, Jr., hereinafter called petitioner, from an order of the superior court of Yavapai county, denying petitioner's application for the removal of Sherman Hazeltine as administrator of the estate of Edward B. Perrin, deceased, hereinafter called respondent. The reporter's transcript of the evidence was stricken on motion, and the matter is therefore before us on the record only. From this record the

facts material to a decision of the appeal may be stated as follows:

Respondent filed his petition for ancillary probate and letters of administration with the will annexed in the estate of Edward Burt Perrin, deceased, on the 4th day of June, 1936. In his petition respondent stated that Edward Burt Perrin died on or about March 23, 1932, in Los Angeles, California, leaving as estate in Arizona a possible interest in the Baca Grant in Yavapai county, and in the Babacomari Grant in Cochise and Santa Cruz counties, Arizona, together with certain other real estate in Pima county; that the will of deceased had been probated in California, that being the residence of deceased; that the ancillary probate in Arizona was asked for the purpose of having a legal representative in this state to clear up any possible defects in the title to the property of the estate, and that the executors named in said will, among whom was petitioner, had renounced their right to act as executors or administrators of said estate in Arizona. An order was made setting a hearing on the petition and providing for notice by publication, as required by law. This notice was duly given and copies of the notice mailed to various heirs of the deceased at 1307 Balfour Building, San Francisco, California, among them being petitioner. On the date set for hearing, an order was made appointing respondent as administrator with the will annexed. One year and one day thereafter petitioner filed his petition, asking that an order be entered vacating the order appointing the administrator, and revoking the letters of administration with the will annexed theretofore issued, and appointing petitioner in his place. As his grounds for such revocation he alleged that the respondent had failed to give due notice of the hearing of the petition for letters to the peti-

tioner; that he had not given notice to creditors nor filed an inventory of the assets of the estate nor rendered an account of his administration, and that he was not qualified to act as administrator with the will annexed.

The respondent answered stating that due notice of the hearing of the petition for letters had been given to petitioner, and that he had not filed an inventory, given notice to creditors, nor rendered any account for the reason that there were no assets in the estate, and that the giving of notice to creditors would have been a futile act, but that he was ready at any time to comply with the orders of the court in regard to notice to creditors, inventory and accounting. After hearing, an order was made denying the petition.

While the petition for revocation does not specifically state on what section of the statute it is based, from its allegations it apparently is founded upon section 3956, Revised Code 1928, which reads as follows:

*"Ground for investigation; suspension.* Whenever the court has reason to believe, from its own knowledge or from credible information, that an executor or administrator has wasted, embezzled or mismanaged, or is about to waste or embezzle the property of the estate committed to his charge, or has committed or is about to commit a fraud upon the estate, or is incompetent to act, or has permanently removed from the state, or has wrongfully neglected the estate, or has long neglected to act as such executor or administrator it shall suspend the powers of such executor or administrator, until the matter is investigated"

for it is contended in the petition that the administrator was (a) incompetent to act, (b) that he has wrongfully neglected the estate by failing to comply with the law in regard to the performance of his duties, and

(c) that notice had not been given of the hearing in the proper manner.

■ It has frequently been held by this court that whenever the evidence upon which the lower court has acted is not before us in its entirety, either by a reporter's transcript, or statement of facts, we must assume that it was such to support the action of the lower court. *Petersen* v. *McEvoy,* 45 Ariz. 102, 39 Pac. (2d) 942; *Ensign* v. *Koyk,* 31 Ariz. 1, 250 Pac. 246; *Hulsebus* v. *McConnell,* 46 Ariz. 371, 51 Pac. (2d) 259; *Wooster* v. *Scorse,* 16 Ariz. 11, 140 Pac. 819.

■ It is evident from the minutes that there was a great deal of evidence taken at the hearing on the petition for revocation of letters, and none of that evidence is before us. We must, therefore, presume that so far as the question of notice and the competency of the administrator to act is concerned, it sustained the issuance of the letters in question, and that the failure to file an inventory and appraisement, to give notice to creditors or to render an account was found, on sufficient evidence, to be justified. This being true, we cannot say affirmatively that the lower court erred in refusing to revoke the order granting letters of administration to respondent.

The order appealed from is necessarily affirmed.

ROSS, C. J., and McALISTER, J., concur.